[No. 14550.   Department One.   May 8, 1918.]

JOHN WILBUR HARTFORD, *Respondent*, v. M. S. STOUT
et al., *Appellants.*[1]

JUDGMENT—VACATION—GROUNDS—MISTAKE OF CLERK. A judgment
may be vacated for the mistake, neglect or omission of the clerk,
in entering findings and judgment, contrary to the directions of
the judge to hold them, after they were signed and given to the
clerk.

SAME — VACATION — NOTICE — WAIVER. A voluntary appearance
without objection to trial of the merits of the motion waives notice
of proceedings to vacate a judgment required by Rem. Code, § 468.

APPEAL—REVIEW—RECORD. A recital in a bill of exceptions of an
appearance is sufficient to show the appearance, although the judg-
ment does not contain such a recital.

APPEAL—REVIEW—OBJECTIONS. Objection to want of formality in
proceedings to vacate a judgment must be made below and preserved
in the record, in order to be reviewed on appeal.

REPLEVIN — OWNERSHIP OF AUTOMOBILE — EVIDENCE—SUFFICIENCY.
In an action of replevin of an automobile, purchased in the name
of a father, the evidence sufficiently shows that it was in fact owned
by his son, where it appears that he paid for it, and for the state
license fee, insurance, and costs of maintenance, and that the title
was taken in his father's name for the sake of convenience only.

ESTOPPEL—TITLE TO PROPERTY—OSTENSIBLE OWNERSHIP. A son
purchasing an automobile in his father's name is not estopped by
that fact to assert title, as against a judgment creditor of his
father, purchasing at execution sale; since such judgment creditor
is not an innocent purchaser for value, and can assert only the title
which the judgment debtor had.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered July 31, 1917, up-
on findings in favor of the plaintiff, in an action of re-
plevin, tried to the court. Affirmed.

*L. H. Brown,* for appellants.
*W. B. Mitchell,* for respondent.

[1]Reported in 172 Pac. 1168.

FULLERTON, J.—The respondent, John W. Hartford, as plaintiff, brought this action in replevin to recover as his own property an automobile seized by the sheriff under an execution issued upon a judgment in an action in which M. S. Stout was plaintiff and William T. Hartford, father of the respondent, was defendant. Issue was taken on the complaint and a trial had before the court sitting without a jury. At the conclusion of the trial, the court filed a written memorandum announcing his conclusion upon the evidence and the law applicable thereto, and directed counsel for the defendants, the conclusions being in his clients' favor, to prepare formal findings of fact, conclusions of law, and a judgment in conformity therewith. In his memorandum decision the trial judge did not find that the plaintiff was not the actual owner of the automobile, but intimated that his conclusion on the facts was to the contrary, resting the judgment on the ground that the plaintiff was estopped to claim title, since, as he recited in his written opinion, the plaintiff, in order to maintain his claim of title, had to prove a violation on his part of a positive mandatory statute. Findings of fact, conclusions of law, and a judgment were prepared by counsel and submitted to the court for signing. These complied with the judge's memorandum, save as to his conclusions on the facts. Instead of a finding showing an estoppel on the part of the plaintiff to claim title, it was found that plaintiff had no title. The court nevertheless signed the papers and handed them to counsel to be filed with the entry clerk. No sooner had counsel left the court room, however, than it occurred to the judge that he had probably been mistaken as to the order of the proofs; that is, whether the plaintiff had himself introduced evidence tending to show his violation of the statute, or whether such evidence had been introduced by the defendant to dis-

credit the plaintiff as a witness. The judge thereupon directed the clerk in attendance upon his department to notify the entry clerk not to enter the judgment signed, but to hold it in abeyance until he received further directions. The court then sent for the counsel of the respective parties, notified them of his probable mistake, and intimated to them that, if he had been mistaken, judgment should go for the other side. Counsel were not able to agree as to the order of the proofs, whereupon the court announced that he would have the evidence read to him from the stenographer's notes and inform them of his conclusion later. Afterwards the judge ascertained that he had been mistaken in regard to the evidence, and announced to counsel that he was then of the opinion that the plaintiff was entitled to a judgment. It was then discovered that the clerk, whom the judge had instructed to have the judgment held in abeyance, had neglected to so inform the entry clerk, and that the judgment had actually been entered. When this fact was disclosed, the judge informed counsel for the plaintiff that he doubted his power to vacate or set aside the judgment on his own motion, but that he would entertain a petition to vacate it under the provisions of the statute relating to the vacation of judgments entered by mistake, neglect, or omissions of the clerk. A petition for vacation was filed, setting up this ground, and a notice served upon the defendants that it would be called up for hearing on a day certain, some three days after the service of the petition and notice. The petition was heard on the day appointed, and an order entered vacating the judgment. Later on, new findings of fact and conclusions of law were signed by the judge, and a judgment entered allowing a recovery by the plaintiff. The defendants appeal from the judgment so entered.

The appellants first question the sufficiency of the procedure by which the original judgment entered was vacated. If we have correctly gathered the grounds of the contention, it naturally divides itself into two parts, first, that the causes set forth in the petition for the vacation of the judgment are not causes for which a judgment may be vacated under the statute; and second, that the procedure followed was not sufficient to give the court jurisdiction over the person of the several judgment creditors.

In the argument in support of the first of these objections it is not contended, of course, that mistakes, neglect, or omission of the clerk are not grounds provided by statute for the vacation of a judgment, but it is contended that the neglect of the clerk shown in this instance is not the neglect contemplated by the statute. It is said that the mistake, if a mistake at all, was the mistake of the judge; that, after signing the judgment, he concluded he had drawn an erroneous legal conclusion from the facts, and sought to correct it after the cause had passed from his jurisdiction; that the order given by him to the clerk was one beyond his power to give, and hence it was not a mistake, neglect, or omission of the clerk for which any legal right arises, even if the clerk did not give heed to the order. This suggests an inquiry as to the point of time when the trial judge so far loses control over a proceeding tried before him that he may not arrest the proceeding on his own motion. We have held that point of time to be when the judgment is rendered and entered. Here we think the judge had not lost that control when he gave the order to the clerk. The judgment had not then been entered. True, the judge had signed a formal order for a judgment, but the order was nothing more than a direction to enter the judgment, as much within his control as it would have been had he merely out-

lined his conclusions orally and directed the clerk to prepare and record a written entry in accordance therewith. It was, therefore, a neglect or omission of the clerk to enter the signed order after the judge had directed him to withhold its entry; a neglect or omission authorizing the litigant injuriously affected to petition for its vacation.

The claim of want of jurisdiction of the persons of the judgment creditors is founded on the fact that the notice served with the petition required them to appear within three days after the service, whereas the statute governing the procedure (Rem. Code, § 468), provides that the party shall be brought into court in the same way, on the same notice as to time, mode of service, and mode of return, as in an original action by ordinary proceedings; which means in the present case that they should have been given twenty days in which to appear. But the statute also provides that the proceedings shall be governed, with certain specified exceptions, by the rules governing ordinary actions, and it is not necessary in an ordinary action that a summons be issued and served in order to obtain jurisdiction of the person of the defendant. The defendant may waive the issuance of the summons by appearing voluntarily, either in person or by an authorized attorney, and a judgment entered after such an appearance is neither void nor voidable for want of jurisdiction over the person. In this instance the defendants did appear at the time appointed and contest the application upon its merits without suggesting want of proper service of summons upon them. We have not overlooked counsel's contention that the record fails to show an appearance by them. It is true the formal order vacating the judgment does not so recite, but it so appears in the bill of exceptions upon which we are asked to review the order. This recites that the de-

fendants appeared by their attorney and made objec-
tions to the hearing of the application upon other
grounds, but not upon the ground now under consider-
ation.  Since the appellants, in order to procure a re-
versal, must show error, it is probably not necessary
that the record recite an appearance, on the principle
that regularity in the orders and judgments of courts
of superior and general jurisdiction is presumed unless
the contrary affirmatively appears.  But if recital be
necessary, the recital in the bill of exceptions is suffi-
cient.

Counsel, in his brief, after calling attention to the
shortness of the time in which his clients were required
to appear, and to the fact that they filed no formal
pleadings, says this:

"From this it will be apparent that respondents
were given no opportunity to plead or prepare to meet
the allegations of the petition, not even to have a de-
murrer heard.  All counsel could do was to object and
remain in a belligerent attitude."

But belligerency is all that is required of the defend-
ant in such a proceeding.  The code (*supra*) requires
no formal pleadings.  All he needs to do is to make his
objections and see that they are properly preserved in
the final record.  It is not here held that the objections
now made cannot be reviewed because of want of for-
mality in presenting them.  It is held that they came
too late; that they should have been urged when the
cause came on for hearing, and, not being then urged,
were waived.

On the merits of the controversy, we think the evi-
dence clearly establishes that the automobile was the
property of the plaintiff and not the property of his
father, the judgment debtor in the writ under which
the car was seized.  While it was shown that the title
to the car when purchased was taken in the name of

the father, that the state license was taken and the car insured in his name, and that he executed a mortgage upon it to procure a part of the purchase price, yet it was shown that these things were done for reasons satisfactory to the father and son, and that, as between them, the car was the property of the son. It was shown, moreover, that the son paid from his own funds all of the purchase price of the car not procured by the mortgage, and that he paid the state license fee, the insurance premium, the costs of the upkeep and operating expenses of the car, and the installments coming due on the mortgage prior to its seizure. These facts, we think, are sufficient to show that the plaintiff was the actual owner of the car, and the real question is whether he is estopped to set up ownership as against the judgment creditor of his father after permitting his father to appear as the ostensible owner. We cannot conclude that he is so estopped. He is undoubtedly estopped from asserting title as against his father's mortgagee, and it may be that he would be estopped from asserting title as against an innocent purchaser for value from his father, and it may be also, as the appellants contend, that he has made false assertions and false affidavits concerning the title to the property; but it does not follow because of this that he may not assert title as against his father's judgment creditors. A judgment creditor, under our practice, can never become an innocent purchaser of property sold under his writ of execution. He takes only the title of his judgment debtor, and if the judgment debtor has no title, he takes none. For the other wrongs mentioned he must answer to the state or to the party wronged; their commission confers no right on others to seize his property.

The judgment of the court was for a return of the property, or if return thereof could not be had, then

judgment for its value in the sum of $400. It is complained that the judgment for value is too large. It is true the witnesses differed as to the value of the car, but the value found is well within the proofs and we see no cause for disturbing it.

The other errors assigned are met by the view we have taken of the principal questions discussed and require no separate notice.

The judgment is affirmed.

ELLIS, C. J., PARKER, WEBSTER, and MAIN, JJ., concur.