[No. 14550. Department Two. January 9, 1919.]

JOHN WILBUR HARTFORD, *Respondent*, v. M. S. STOUT et al., *Appellants*.[1]

REPLEVIN (52)—JUDGMENT — APPEAL — DECISION — OFFSET. Upon affirmance of a judgment in replevin for the return of an automobile or its value, the debtor cannot, by paying off a mortgage on the automobile, acquire an offset against the amount of the recovery for the value at the time of the rendition of the judgment in the trial court.

APPEAL (493, 498)—DECISION — REMAND — MODIFICATION—RECALL OF REMITTITUR—LEAVE TO ATTACK. The supreme court, having affirmed a judgment in replevin for the return of an automobile or for its value, will not recall the remittitur in order to deduct the amount of a mortgage lien, paid off by the judgment debtor subsequent to the judgment; since such payment did not affect the merits, and appeals must be determined on the record made below; but leave will be granted to apply to the trial court for any relief to which he may be entitled, treating the judgment as one of final determination in that court.

Motion to recall a remittitur, filed in the supreme court July 11, 1918, or for leave to apply below for relief from a judgment. Motion to recall remittitur denied; other relief granted.

*L. H. Brown*, for appellants.

*W. B. Mitchell*, for respondent.

FULLERTON, J.—The appellant Stout, holding a judgment against the father of the respondent, caused a writ of execution to be issued thereon. The sheriff,

[1]Reported in 177 Pac. 666.

in executing the writ, seized an automobile to which the father had the apparent title, but ownership of which was claimed by the respondent. The respondent brought an action in the superior court to recover the automobile, and, after issue joined and a trial had, obtained a judgment for its return, or in case return thereof could not be had, for its value in the sum of $400. An appeal was taken to this court from the judgment, which, after a hearing upon the merits, was affirmed. *Hartford v. Stout,* 102 Wash. 241, 172 Pac. 1168.

At the time of the seizure of the automobile by the sheriff, there was a mortgage thereon in the sum of $266, which the respondent was obligated to pay. On taking the appeal, before mentioned, the appellant satisfied or purchased the mortgage and sold the automobile. After the affirmance of the judgment by this court and the going down of the remittitur, the respondent caused an execution to issue on the judgment, whereupon the appellant made application to this court to recall the remittitur and enter upon an inquiry concerning the payment of the mortgage, and if it found the mortgage paid, to order the amount paid credited upon the value of the automobile, returning a remittitur reducing the amount necessary to satisfy the judgment by that sum; or, in the alternative, to grant the appellant leave to apply to the lower court for relief.

From the foregoing statement, it is at once apparent that the first remedy suggested is unavailing. There was no error in the judgment of the trial court with respect to the mortgage. At the time the judgment was entered, the appellant had not paid the mortgage debt, and had the option of either returning the automobile with the mortgage upon it or paying the judgment for its value, leaving the obligation of the re-

spondent to satisfy the mortgage debt still outstanding. It is manifest, therefore, that the appellant had no off-set against the amount of the recovery for the value of the automobile at the time of the rendition of the judgment in the trial court, and this being so, it is equally manifest that the subsequent payment could not affect the merits of the cause on the appeal. This court must determine appeals upon the record as made in the trial court, and hence could not then, and cannot now, take cognizance of the fact that the appellant has relieved the automobile of the mortgage lien. It cannot, therefore, recall the remittitur and deduct the amount paid upon the lien from the amount of the recovery allowed for the value of the automobile.

But since we hold that a judgment of the superior court, appealed to this court and determined upon its merits, becomes a judgment of this court, and one which the superior court is without power, after its remand, to change or modify without leave of this court (*In re Shilshole Avenue,* 101 Wash. 136, 172 Pac. 338), and since it may be that the appellant has some remedy in the court of original jurisdiction to relieve himself from the situation in which he finds himself placed, we think he is entitled to the alternative relief for which he asks.

Leave therefore is granted to the appellant to apply to the trial court for that relief to which he deems himself entitled; it being intended hereby to grant to the trial court leave to entertain any such appropriate proceeding as it would be entitled to entertain were the judgment one of final determination in that court, but not to determine whether any such relief exists, nor the form thereof, if one is found to exist.

MAIN, C. J., PARKER, MOUNT, and HOLCOMB, JJ., concur.