[No. 14912.  Department Two.  January 9, 1919.]

THE STATE OF WASHINGTON, *on the Relation of John W. Hartford, Plaintiff,* v. THE SUPERIOR COURT FOR SPOKANE COUNTY, *R. M. Webster, Judge, Respondent.*[1]

APPEAL (493)—DECISION—MODIFICATION—LEAVE TO ATTACK.  The rule that the trial court cannot enjoin execution upon a judgment affirmed by the supreme court, will not be enforced, where the supreme court had granted a judgment debtor leave to apply to the trial court for such relief as he may be entitled to; since the rule is one of policy and of doubtful application under the circumstances.

Application filed in the supreme court July 17, 1918, for a writ of mandate to compel the superior court for Spokane county, Webster, J., to vacate an order restraining the issuance of an execution on a judgment of the supreme court.  Denied.

*W. B. Mitchell,* for relator.
*L. H. Brown* and *W. C. Meyer,* for respondent.

FULLERTON, J.—This proceeding grows out of the case of *Hartford v. Stout,* 102 Wash. 241, 176 Pac. 1168. After the return from this court of the remittitur in that case, an execution was issued on the judgment. After the issuance of the writ of execution, the judgment debtor began an action in the superior court in which the judgment was entered to enjoin the execution of the writ.  In the action a temporary restraining order was issued, whereupon the judgment creditor applied to this court for a writ directing the trial court to vacate the restraining order and dismiss the action, basing his application upon the ground that the court

[1] Reported in 177 Pac. 654.

was without jurisdiction to entertain the action, since the judgment on which the execution was issued was appealed to this court and affirmed upon its merits, thereby becoming a judgment of this court which could not be attacked in the superior court without leave of this court.

An alternative writ was issued by this court, to which the trial judge has made answer, and the judgment creditor has himself appeared and filed objections to the proceedings. The controversy at the final hearing took a somewhat wide range, but in determining the issue presented we have not found it necessary to follow the parties. Since the relief sought by the complaint is more in the nature of a set-off against the judgment than it is for a modification of the judgment, it may be seriously questioned whether the rule sought to be invoked by the judgment creditor has any application. But, further than this, we have, in an application pending at the time this present application was made, granted leave to the judgment debtor to apply to the court of original jurisdiction for such relief as he may deem himself entitled to. It may be that he desires to pursue the pending action. If he does so desire, it would be a waste in costs and an unnecessary exaction upon the time of the trial court to order the action dismissed, when the only effect would be to drive the judgment debtor to the immediate institution of a similar action. The fact that the application may have preceded the grant of leave is not controlling. The rule itself is one of policy, the violation of which the court has power to waive. In this instance, since we find the rule of doubtful application and find nothing contumacious in its seeming violation, we deem it proper to exercise that power.

The alternative writ is quashed, and the application for the peremptory writ denied.

Main, C. J., Mount, Chadwick, and Holcomb, JJ., concur.