[No. 751.   Decided February 27, 1893.]

THE STATE OF WASHINGTON, *on the relation of Peter Timm, Respondent,* v. F. W. TROUNCE, *Appellant.*

CONTEMPT — FAILURE TO OBEY SUMMONS — JURISDICTION OF COURT.

Where, in a proceeding supplementary to execution, a person residing in another county has been summoned and has refused to obey the summons, he cannot be adjudged guilty of contempt of court until it has first been made to appear that his residence is within twenty miles of such court.

*Appeal from Superior Court, Pierce County.*

*Parsons & Corell, Blaine & De Vries (E. C. Hughes,* of counsel), for appellant. .

*W. H. Snell,* County Attorney (*Heilig & Hartman,* of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, J.— The respondent moves to strike portions of the transcript for certain reasons specified, but as the motion presents no points that have not been heretofore decided by the court, it will be denied without setting them forth.

One Peter Timm recovered a judgment against D. Stegman, S. Loeb and John Frazier, in the superior court of Pierce county, and proceedings were instituted supplementary to execution, and this proceeding is founded therein.   The appellant was not a party to said suit, but was summoned to appear under §§ 524 and 525, Code Proc., and failing to appear, he was adjudged guilty of a contempt of court.   Several questions are raised upon this appeal, but as the determination of one of them disposes of the proceeding, the others will not be discussed.

The appellant was served with process in King county, which commanded him to appear before the superior court

of Pierce county at a time and place specified.  At the
time of the hearing the appellant appeared by an attorney
and objected to the proceedings on the ground that the
court had no jurisdiction in the premises, for the reason
that the appellant resided more than twenty miles from the
place where he was cited to appear as aforesaid.  This ob-
jection was overruled.

In such a matter as this the appellant is summoned
rather as a witness than as a party to a proceeding.  Such
proceedings are authorized to be taken before a court or
judge, and are special in their nature.  No presumption
can attach in favor of the jurisdiction of the court.  There
was no proof submitted to the court in any way that the
defendant resided within twenty miles of the place at which
he was commanded to appear and testify.  Section 524
aforesaid authorized the judge to make an order requiring
such person to appear before him, or a referee appointed
by him.  Section 525 declares that a witness may be com-
pelled to appear and testify before the judge or referee
upon any proceedings under this chapter as upon the trial
of an issue of fact.  Section 1650 declares that no person
shall be obliged to attend as a witness before any court of
record, judge, referee, etc., in any civil action or proceed-
ing out of the county in which he resides, unless his resi-
dence be within twenty miles of such court, judge, etc.
In this case, before the appellant could have been adjudged
guilty of a contempt of court, it should first have appeared
that he resided within the jurisdiction of the court.  Other-
wise a party might be summoned and compelled to appear
from a remote part of the state, to make his objections to
a proceeding in which he had no interest whatever, except
to protect himself from paying money or delivering prop-
erty upon an invalid order.

We do not think that such can be the intent of the law,
and before a party can be punished for a failure to obey

the summons, it must appear that the court had jurisdiction over him, and a residence within twenty miles, as aforesaid, is one of the essential requirements.

It follows that the superior court had no jurisdiction to make an order adjudging the appellant guilty of a contempt of court, nor to render any judgment against him whatever in said proceedings, and the same are in each and every part reversed and set aside.

DUNBAR, C. J., and HOYT, ANDERS and STILES, JJ., concur.