[No. 2076.   Decided February 7, 1896.]

W. B. Allen et al., v. John C. Stallcup, *Judge of the Superior Court of the State of Washington, in and for Pierce County.*

SUPPLEMENTARY PROCEEDINGS — EXAMINATION OF OFFICERS OF INSOLVENT CORPORATION.

The act of March 15, 1893 (Laws 1893, p. 435), providing for proceedings supplemental to execution, does not warrant the citation and examination of officers of an insolvent corporation for which a receiver has been appointed.

*Original Application for Prohibition.*

*Richard Saxe Jones,* and *Crowley, Sullivan & Grosscup,* for relators.

*A. N. Jordan,* and *Bogle & Richardson,* for respondent.

The opinion of the court was delivered by

Scott, J.—One Isaac Olsen commenced an action against the Bank of Tacoma and the Tacoma Trust and Savings Bank, corporations, *et al.,* alleging that they were insolvent, and obtained the appointment of a receiver therein.   He subsequently, in said suit, obtained a judgment for a sum of money against said banks and had an execution issued thereon, whereupon he caused a citation to be issued to W. B. Allen and Frank Carpenter, the petitioners herein, requiring them to appear and answer concerning the property of said defendant banking corporations — they having been officers thereof — and to discover and produce the same.   Said parties appeared and moved the court to dismiss the proceeding on the ground that the court had no jurisdiction thereof, which mo-

tion was overruled and this application for a writ of prohibition was made.

It is contended by the petitioners that the court had no jurisdiction to require them to appear and testify in said proceeding, the same having been brought under an act of the legislature approved March 15, 1893 (Laws 1893, p. 435). The contention of petitioners is based upon the ground that the act does not provide for proceedings of this kind in the cases of insolvent corporations where receivers have been appointed, it being contended that as a basis for such proceedings there must have been an execution issued upon a judgment obtained in the principal action, and it being further contended that the issue of the execution in this case was unwarranted and unauthorized on the ground that the plaintiff in said action was not entitled to an execution against the property of said insolvent corporations, as the effect thereof, if sustained, would be to give him a preference lien upon the property levied upon or obtained by virtue thereof, and this court has decided in *Thompson v. Huron Lumber Co.*, 4 Wash. 600 (30 Pac. 741), that the assets of insolvent corporations constitute a trust fund for the benefit of all the creditors, and that no one creditor is entitled to or can obtain a preference lien.

The respondent contends that the act in question can be so construed as to extend its provisions to cases of this kind, and, if otherwise, that the law was technically complied with by the issuance of the execution as aforesaid. We are of the opinion, however, that the respondent can claim no benefit upon the ground of the execution having been issued, as the same was clearly unauthorized, and while it may be that there should be a remedy of this kind in cases like this, as well as in those where no receiver has been

appointed, it seems that the legislature has failed to provide it.   We have held in *Timm v. Stegman*, 6 Wash. 13 (23 Pac. 1004), that the issuance of an execution is one of the jurisdictional steps necessary to sustain proceedings of this character.   The act itself is entitled " Proceedings Supplemental to Execution," and the whole proceedings thereunder are based upon the proposition that a judgment has been obtained and an execution issued thereon.   Such being the case we are of the opinion that the superior court had no jurisdiction to make the order and compel the petitioners to appear and testify as was attempted and consequently the writ should issue as prayed for.

HOYT, C. J., and ANDERS and DUNBAR, JJ., concur.