[No. 4298.  Decided September 15, 1902.]

C. S. JENNINGS, *Respondent,* v. ROCKY BAR GOLD MINING COMPANY *et al., Appellants.*

SUMMONS — PERSONAL SERVICE OUTSIDE STATE — SHOWING BY AFFIDAVIT.

Under Bal. Code, § 4879, providing for personal service out of the state and declaring it equivalent to service by publication, no affidavit containing the facts essential to service by publication is essential in making personal service outside of the state upon a non-resident, when the court has assumed control of the property of the parties within this state.

SAME — JURISDICTION ACQUIRED — DOMINION OVER PROPERTY — RESTRAINING DISPOSAL OF CORPORATE STOCK.

Where the court has issued its order restraining a domestic corporation, which is a party defendant to the suit and duly served from delivering certain shares of stock within its custody to a co-defendant, who was a non-resident upon whom only constructive service had been had, such shares of stock thereby came under the dominion of the court, and it had jurisdiction to dispose of them by its judgment, which would include defendants constructively served.

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge.  Affirmed.

*A. E. Gallagher,* for appellants.

*Heyburn & Heyburn,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Respondent brought suit in the superior court of Spokane county to enforce a contract between himself and defendant Towne, which by its terms made respondent the owner of a joint interest in 125,000 shares of the capital stock of the defendant corporation, Rocky Bar Gold Mining Company, and alleged that said stock was issued by said corporation, but not yet delivered to said

Towne; that respondent was entitled, under the terms
of the contract, to have one-half of said shares, to-wit,
62,500, issued to himself; that Towne was a resident of
the state of Idaho, and the defendant company was a do-
mestic corporation organized under the laws of this state;
that the capital stock so held by the defendant corpora-
tion would be delivered to Towne unless restrained there-
from by order of the court. Personal service of the sum-
mons and complaint was made in Spokane county upon all
the defendants except Towne, and the restraining order
was also served upon them. The complaint prayed for
such restraining order, directing the defendant corpora-
tion and its officers not to deliver said shares of stock to
Towne, or any other person, until the further order of
the court and the termination of the case. Personal serv-
ice of the summons and complaint was made upon the
defendant Towne in the state of Idaho. No appearance
was made by any of the defendants, and the default of
each was duly entered. Thereupon the court, after taking
proofs upon the allegations of the complaint, entered judg-
ment as follows:

"That the plaintiff, C. S. Jennings, is the owner of 62,-
500 shares of the capital stock of the Rocky Bar Gold
Mining & Milling Company as against the defendant,
Elmer C. Towne, and that neither the Rocky Bar Gold
Mining & Milling Company or its officers have any inter-
est in said 62,500 shares of the capital stock. And it is
further ordered, adjudged and decreed that the Rocky Bar
Gold Mining & Milling Company, its officers, agents or
representatives, shall issue and deliver to the said plaintiff,
C. S. Jennings, 62,500 shares of the capital stock of the
said corporation."

After the decree was entered, the defendant corpora-
tion moved to vacate the same for want of jurisdiction.

1. Two objections are made to the jurisdiction: First,

that no affidavit containing the facts essential to service by publication was made. It appears there was a summons issued to the defendant Towne, and return thereof made by the sheriff that said Towne could not be found in this state. There appears the statement by affidavit of the respondent that Towne was a resident of Idaho. The question here is whether the affidavit for publication of summons required by § 4877, Bal. Code, is a prerequisite to personal service upon the defendant out of the state. The right to subject property within the state to the jurisdiction of its courts is undoubted. If property, real or personal, is appropriately placed within the dominion of the court, then the jurisdiction becomes complete to adjudicate all controversies and all rights in and to such property. The legislature has provided a constructive notice to all persons having an interest in the property. Such constructive notice must be given strictly under the provisions of the statute. But § 4879, Bal. Code, provides for personal service out of the state, and declares it shall be equivalent to service by publication. Thus such personal service out of the state is declared sufficient notice when the court has assumed control of the property within the state. This section itself prescribes that such service is constructive notice, and does not require the affidavit made necessary in service by publication.

2. The objection that the property (in this instance the shares of capital stock) was not within the dominion of the court is the controlling one. It is settled law that no personal judgment can be entered against a defendant upon constructive service. The affidavit and stipulation of facts appearing in the record show that upon the commencement of the action the court issued its order restraining the defendant corporation and its officers from deliver-

ing the capital stock to the defendant Towne or any other person until the further order of the court; that such order was personally served upon said defendants. The respondent claimed 62,500 shares of this stock, and demanded that they be issued to him. If the shares of stock were subject to this order, it seems there can be no reasonable doubt that the court assumed complete control of them. They were held by the defendant corporation thereafter under the authority of the court, and subject to its judgment. Property, according to its form, may be controlled and under the dominion of the court by virtue of any appropriate legal or equitable procedure exercised therefor. The garnishment of a debt due from one to another, where the warning is not to pay the debt until directed by the judgment in the action, has frequently been decided sufficient control of property to sustain the jurisdiction, and support a judgment of appropriation of the debt so seized, upon constructive service upon the party to whom the debt was due. The only question upon this motion is the jurisdiction of the *res*,—the stock. Surely the capital stock of a domestic corporation, before its delivery to one entitled thereto, is in the possession and custody of the corporation. The court in this case controlled the custodians of the stock by its restraining order, which appears to have been duly respected, and the decree recites that the stock is still in such custody. No question of error in procedure or remedy against defendant Towne is before us. The record appears to show jurisdiction. It was said in *Boswell's Lessee v. Otis,* 9 How. 336:

"Jurisdiction is acquired in one of two modes: first, as against the person of the defendant by the service of process; or, secondly, by a procedure against the property of the defendant within the jurisdiction of the court. In the latter case, the defendant is not personally bound by

the judgment beyond the property in question. And it is immaterial whether the proceeding against the property be by an attachment or bill of chancery. It must be, substantially, a proceeding *in rem.*"

For pertinent discussion of this question see *Cooper v. Reynolds,* 10 Wall. 308; and *Pennoyer v. Neff,* 95 U. S. 714.

The order of the superior court is affirmed.

DUNBAR, FULLERTON, HADLEY, MOUNT, ANDERS and WHITE, JJ., concur.