[No. 10199. Department Two. March 9, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Charles T. Peterson, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

WITNESSES—SUMMONS—ORDER TO APPEAR—PARTY OR WITNESS. In an action against a corporation, an order requiring a trustee to appear before the court for examination concerning the possession of the books and assets of the company, which the receiver was endeavoring to obtain, is a summons as a witness and not as a party, where the trustee was not a party to the suit.

WITNESSES—ATTENDANCE—POWER TO REQUIRE—DISTANCE FROM RESIDENCE—CONTEMPT. Since, under Rem. & Bal. Code, § 1215, a witness cannot be required to appear out of the county in which he resides and more than twenty miles from his residence, the court has no power to punish him for contempt in refusing to obey an order requiring his attendance.

[1]Reported in 121 Pac. 836.

APPEAL—DECISIONS REVIEWABLE—FINAL ORDERS. An order requiring a witness to show cause why he should not be punished for contempt in failing to appear for examination, is interlocutory and not appealable as a final order.

PROHIBITION—WHEN LIES—CONTEMPT PROCEEDINGS—ADEQUACY OF REMEDY BY APPEAL—RIGHTS OF WITNESS. The remedy by appeal is not adequate and prohibition lies, where the court made an order without authority of law requiring a witness to show cause why he should not be punished for contempt in failing to appear for examination, that he made answer showing the illegality of the summons, that the court was about to erroneously punish him for contempt, and before he could appeal from the judgment of contempt he must be fined and possibly illegally taken from one county to another and imprisoned.

Application filed in the supreme court February 17, 1912, for a writ of prohibition to the superior court for King county, Dykeman, J., to prevent entry of judgment in contempt proceedings. Granted.

*Sullivan & Christian* and *Bates, Peer & Peterson*, for relator.

*Leopold M. Stern* and *J. W. Russell*, for respondent.

MOUNT, J.—Application for writ of prohibition. It appears that, in October, 1911, an action was begun in the superior court of King county, by the Shull-Day Company, a corporation, against Lucas-Stark Logging Company, a corporation. Afterwards on January 20, 1912, a judgment was entered in favor of the plaintiff and against the defendant in that action for the amount demanded. About that time and in the same action, one B. T. Wood, Jr., was appointed receiver of the defendant corporation. On February 14, 1912, the receiver filed a petition in the cause, alleging that Clarence Lucas, E. G. Spark, and Charles T. Peterson were trustees of the defendant corporation; that the receiver had made diligent effort to obtain possession of the books and assets of the corporation without success, and prayed that the trustees named be required to appear before the court for examination regarding the affairs of said insolvent corporation.

An order was accordingly made, requiring said trustees to appear before the court on February 16, 1912, at the hour of two o'clock, for examination regarding the affairs of said corporation, and to bring with them all books of account and records of the corporation under their control. This order was served upon Mr. Peterson personally in Tacoma, Pierce county, more than twenty miles from where the King county court was held. At the time of this service, Mr. Peterson demanded his witness fees for one day's attendance and mileage. His fees were not paid nor tendered. He did not appear as ordered, but appeared by counsel and made a showing to the effect, that he was not a party to the action; that he was a resident of Pierce county, more than twenty miles from King county where the court was held; that he was served with the order in Tacoma, and when served demanded his witness fees and mileage, which were not paid nor tendered. Upon this showing, his counsel filed a motion for a discharge of the order requiring him to appear as a witness. This motion was denied, and the court thereupon entered an order requiring Mr. Peterson to appear and submit to examination, or show cause on February 23, 1912, why he should not be punished for contempt of court. Mr. Peterson thereupon applied for this writ of prohibition.

There can be no doubt that the relator was summoned as a witness, and not as a party to the action in which the judgment was taken. *Allen v. Stallcup*, 13 Wash. 631, 43 Pac. 884. And there can be no doubt that he could not be required to attend as a witness before any court out of the county in which he resides and more than twenty miles from his residence. Rem. & Bal. Code, § 1215; *State ex rel. Timm v. Trounce*, 5 Wash. 804, 32 Pac. 750. It is plain, therefore, that the order requiring the relator to appear and show cause why he should not be punished for contempt was made without authority of law and erroneously.

It is argued by counsel for the respondent that an appeal will lie from the order made; and also that, in the event the

relator is adjudged guilty of contempt, an appeal therefrom is an adequate remedy. We are of the opinion that the order of the court requiring the relator to show cause why he should not be punished for contempt, is not an appealable order, because it is not a final order. It is plainly interlocutory, and therefore not appealable. Before the relator may appeal, he must either submit his showing to the court which he has already done, to the effect that he may not be required to appear personally as a witness in the case, or he must refuse to show cause. In either event, the court must enter a judgment against him for contempt, as the order indicates will be done. The rule is well settled that prohibition will not lie where the court is proceeding without jurisdiction when there is an adequate remedy by appeal. The adequacy of the remedy is the test to be applied upon applications for such writs. Delay and expense do not affect the adequacy of the remedy. *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395. In this case, it is apparent that the trial court made the order complained of without authority of law, that the order is not an appealable order, and that the court will adjudge the relator in contempt of court unless this writ is issued. The relator may, no doubt, appeal from a judgment of contempt; but before he may do so he must be fined and possibly taken from one county to another and imprisoned, in direct violation of the statute. Rem. & Bal. Code, § 1215. We are of the opinion, therefore, that such remedy is not adequate.

The writ is therefore granted.

DUNBAR, C. J., FULLERTON, MORRIS, and ELLIS, JJ., concur.