[No. 17775.   Department Two.   May 3, 1923.]

GEORGE KIMBALL, *as Executor of the Estate of Clara Hull, Deceased, Respondent,* v. JAMES DONOHUE, *Appellant.*[1]

REPLEVIN (35)—OWNERSHIP OF AUTOMOBILE — EVIDENCE — SUFFICIENCY.   In an action of replevin for an auto, the fact that a third person for some undisclosed reason signed as vendee the conditional sales contract, is not sufficient to sustain the·action or show that defendant was not the owner of the car, in the face of evidence that he purchased the car and remained in possession at all times, and that he or his wife made all the payments; his right to possession alone being sufficient to defeat replevin regardless of the paper title.

Appeal from a judgment of the superior court for King county, Chas. D. Fuller, judge *protempore,* entered May 11, 1922, upon findings in favor of the plaintiff, in an action in replevin, tried to the court.   Reversed.

*Thomas J. Casey* and *Paul S. Dubuar,* for appellant.
*Van C. Griffin,* for respondent.

TOLMAN, J.—Respondent, in his representative capacity, brought this action in replevin to recover possession of a Chevrolet automobile truck, then in the possession of defendant.   The action was tried to the court, and resulted in a judgment as prayed for in respondent's complaint, from which judgment the defendant has appealed.

The statement of facts is in narrative form, and very unsatisfactory, but it appears with little, if any, contradiction that appellant purchased the automobile in question from a recognized dealer, negotiated the purchase individually, and turned in as a first payment a used Ford car owned by him, at a valuation of

[1]Reported in 214 Pac. 1045; 217 Pac. 37.

$300. The remainder of the purchase price, $667.90, was, as shown by the written memorandum of conditional sale, payable in monthly installments. This conditional sale agreement was signed by Clara Hull as vendee, and there is some evidence, by an apparently disinterested witness, to the effect that he introduced appellant to the dealer, was present during the negotiations which resulted in the sale, drove the purchased car away at the request of appellant, and went to the home of Clara Hull and there procured her signature to the contract. No satisfactory explanation is made as to the reason why appellant himself failed to sign the contract as vendee, or why Clara Hull should sign the contract unless she had some interest in the car purchased.

The automobile remained at all times in the possession of appellant, and there is nothing else shown indicating that Clara Hull had or claimed an interest in the car, except that, until the contract was paid out, the state license was carried in her name, a receipt for one of the monthly payments was found among her papers after her death, and there is testimony that at one time, not in the presence of appellant, she pointed out the car as belonging to her. Upon the other hand, it appears that the wife of appellant made most, if not all of the deferred payments at the office of the vendor; that, at one time when payments were in arrears, a representative of the vendor called on Clara Hull for the purpose of collecting or repossessing the car, and his testimony is that she then claimed that she had no interest in the car whatever.

It is shown that there were friendly relations between Clara Hull and the appellant, and there is some testimony, though of a rather vague nature, that money was seen to pass between them at different times,

though none to the effect that Clara Hull actually advanced money through appellant to make any payment on the car. After the final payment was made, in the beginning of the year 1922, appellant procured a state license for the car in his own name.

The trial judge was of the opinion that the so-called paper title must prevail, but as against the admitted fact of the initial payment having been made by appellant, the possession being in him at all times, and the weight of the evidence leaning toward the conclusion that he paid all of the purchase price, we cannot so hold. Whether, because of the death of Miss Hull, the mouths of witnesses have been closed, or there be other reasons why the real facts surrounding the taking of the contract in her name are not disclosed, is immaterial. We must pass on the record as it is presented here, and as we view the facts thus disclosed, the bare signing of the contract for undisclosed reasons cannot prevail over the negotiation of purchase, the payment of the purchase price largely, if not wholly, and the uninterrupted possession which appellant at all times maintained. These things at least indicate his right to possession, if not his absolute title, and if he had the right of possession, that alone is sufficient to defeat an action in replevin.

After the trial court had indicated his intention to find for respondent, appellant was permitted to reopen his case and give testimony under the allegations of his affirmative answer as to the reasonable value of the use of the car during the time it was withheld from him by virtue of the replevin writ, but as respondent had been by the court assured of a judgment in his favor, he did not attempt to meet this testimony. In view of this situation, and because such damages are more properly the subject of an independent action, the subject of damages will not now be considered.

The judgment appealed from is reversed with directions to dismiss the action.

Main, C. J., Bridges, and Pemberton, JJ., concur.

## On Rehearing.

[Department Two.   May 31, 1923.]

Tolman, J.—An opinion was filed in this case on May 3, 1923. Thereafter respondent filed a petition for a rehearing, and with it a stipulation from which it appears that, at the time the cause was considered here, the statement of facts, as certified by the trial judge was not on file in this court, but that, through error, a proposed statement of facts with the original exhibits attached had been sent up and considered by this court.

The stipulation is to the effect that the rehearing may be granted and the case be again considered and decided by this court upon the properly certified statement of facts now on file here, without further argument unless desired by the court.

In compliance with the terms of the stipulation, and with an earnest desire to arrive at the truth, we have disregarded the abstract, and have studied the statement of facts which has been supplied, but unfortunately still feel that the full history of the transaction involved has not been disclosed by either side. With the full light of all of the evidence, we see little to be changed in the former opinion, and even that little is not vital or particularly material. However, we will say that, instead of the contract being taken to the home of Clara Hull for her signature, it now appears that she went to the office of the dealer who sold the truck and there signed the contract. Instead of there being testimony of one witness that Mrs. Hull pointed out the truck as belonging to her, four different wit-

nesses each testified to a conversation had with Mrs. Hull, no one else being present so far as appears, in which she is said to have used language indicating that she had or claimed title to the truck. The testimony of the employees of the dealer to the effect that the appellant's wife made most, if not all, of the deferred payments, and that Clara Hull, when informed that the payments were in arrears, denied any interest in · the truck and stated that she had paid no part and would pay no part of the purchase price, seems clearer and stronger by the last official version. The testimony as to money having been seen to pass between Clara Hull and the appellant is perhaps more amplified, but its vagueness is increased by the amplification.

Our final view is that the employees of the dealer were disinterested witnesses, their evidence in the main is uncontradicted, they apparently had nothing to conceal, and their testimony, coupled with the other established facts, as detailed in our former opinion, warrant the conclusion there reached.

The previous order of reversal with directions to dismiss will not be disturbed.

MAIN, C. J., BRIDGES, and PEMBERTON, JJ., concur.