[No. 17834.   Department One.   August 2, 1923.]

G. P. Labberton, *Respondent*, v. W. G. Shilaos *et al.,*
*Appellants.*[1]

Liens (2)—Statutory Liens—On Chattels—Persons Entitled.
Under Rem. Comp. Stat., § 1154, giving a lien upon chattels for labor
performed or material furnished in the "construction or repair of
any chattel," no lien can be claimed on "trade fixtures" in leased
premises by one who was employed by the tenant to install electric
lights, switches and wiring, etc., to operate a fan and light the prem-
ises and eating booths already constructed and placed therein by the
tenant.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered June 12, 1921,
upon findings in favor of the plaintiff, establishing a
lien on chattels.   Reversed.

*Thos. H. Wilson* and *A. W. Hawkins,* for appellants.

*Grady, Shumate & Velikanje,* for respondents.

Bridges, J.—This is an appeal from a decree of the
trial court establishing a chattel lien, foreclosing it and
directing certain property to be sold for the purpose
of satisfying the judgment.

The facts are these: The owners of a building in
Yakima leased a ground floor room to the appellant
Shilaos for restaurant purposes.   In fitting up the
room, the lessee installed a number of boxes, so-called,
for the purpose of serving as private eating booths.
The plaintiff was employed to, and did, install certain
electric wiring in the room for the purpose of furnish-
ing electric light to each of these booths.   He also in-
stalled a wire running from each booth to an annuncia-
tor, located in the kitchen, by means of which persons
in the booths might call a waiter.   He also installed

[1] Reported in 217 Pac. 37.

twenty-two wall lights for the purpose of lighting the booths, and wired the back bar so that additional lights might be placed there. He installed a motor for the purpose of operating a fan in the kitchen, and also furnished a ceiling light, and did some additional wiring for an electric sign which was on the outside of the restaurant. The court decreed that the respondent had a lien

"against the following trade fixtures contained in the Donnelly Cafe [the premises involved] . . . to wit, 16 booths complete, together with nineteen light globes, receptacles and switches, 16 bracket lights on walls and pillars, 1 ceiling light, art glass bowl, the motor operating the fan in the kitchen in said cafe; the annunciator system, including the annunciator, and also push buttons, the wiring in connection with the same, the electric wiring attached to the front of the building, together with light globes; the back bar, including electric fixtures, together with all cutouts, conduits and all wiring connecting the above described equipment and trade fixtures, with the feed wire of said building, together with 75-coat hangers."

The statute involved reads as follows:

"Every person, firm or corporation who shall have performed labor or furnished material in the construction or repair of any chattel at the request of its owner, shall have a lien upon such chattel for such labor performed or material furnished, notwithstanding the fact that such chattel be surrendered to the owner thereof: *Provided, however,* That no such lien shall continue, after the delivery of such chattel to its owner, as against the rights of third persons who, prior to the filing of the lien notice as hereinafter provided for, may have acquired the title to such chattel in good faith, for value and without actual notice of the lien." Rem. Comp. Stat., § 1154 [P. C. § 9661].

Other sections provide how and when notice of lien shall be filed and when and how it may be foreclosed.

It is our view that the work done and materials furnished by the appellant do not come within the provisions of the statute. It will be noticed that only persons performing labor or furnishing materials "in the construction or repair of any chattel" is entitled to the lien. This statute is, in some regards, more narrow than was the laborer's or artisan's common law lien, for that law gave a lien for labor bestowed by one in the manufacture, improvement, betterment or for the enhancement of the value of chattels, so long as the lien claimant held possession of the chattel. Our present statute on the subject was enacted in 1917 and is much narrower than the previous statute, enacted in 1909, which reads as follows:

"Every person, firm or corporation who has expended labor, skill or material on any chattel at the request of its owner, or authorized agent of the owner, shall have a lien upon such chattel,"

notwithstanding the possession of the property may be surrendered to its owner. Laws of 1909, page 626 (Rem. Comp. Stat., § 1154). This statute was practically an enactment of the common law, except as to possession, for it gives a lien to any person, firm, etc., who has "expended labor, skill or material" on any chattel. There is a wide difference between a statute which authorizes a lien because of having put labor or material on a chattel which enhances its value, and one which merely authorizes a lien to one who has furnished labor or material in "the construction or repair" of the chattel. It seems to us to require no argument to show that respondent is not entitled to a lien because he furnished electric light globes, an annunciator and a motor to operate a fan. It is our view that the statute does not give him a lien upon the booths, because, while he has furnished certain labor

and material for them, which have enchanced their value, and might have given him a lien under the common law or the 1909 statute, he has not, in any sense of the word, constructed the booths or repaired them, as required by the present statute. They were complete in themselves without the necessary wiring in the room for the purpose of lighting them. Respondent's labor and material were only for the purpose of furnishing a more convenient or better use of a constructed and completed chattel.

But in his brief, counsel for respondent say:

"We think the material furnished by the respondent and the labor done by him constitute an integral part of the restaurant equipment, and that this equipment must be treated as a whole and regarded as chattels in the nature of trade fixtures."

If we accept the correctness of this argument, it will not assist respondent, because the statute gives a lien only on specific chattels, which the lienor has assisted in constructing or repairing, and since he has done neither, he is not entitled to any lien.

The judgment is reversed, and the cause remanded with instructions to dismiss the action.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.