[No. 18924. Department One. March 4, 1925.]

MICHAEL OROS, *Respondent*, v. W. B. ALLEN *et al.*, *Appellants.*[1]

DAMAGES (117)—MEASURE OF DAMAGES—PERSONAL PROPERTY—EVIDENCE—SUFFICIENCY. The measure of damages to an automobile in a collision with another being the difference between the market value before and after the collision, it is not error, in the absence of evidence of such market value, to withdraw from the jury defendant's cross-complaint therefor.

SALES (184)—CONDITIONAL SALES—REMEDIES OF BUYER—ACTIONS —REAL PARTY IN INTEREST. The vendee in possession of an automobile under a conditional sales contract may maintain an action for damages to the car.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 12, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages sustained in an automobile collision. Affirmed.

*Walter B. Allen,* for appellants.

*James R. Chambers,* for respondent.

MAIN, J.—An automobile driven by the plaintiff collided with an automobile owned by the defendants and driven by W. B. Allen. Both cars were damaged. The plaintiff brought an action, claiming that the collision was due to the negligence of the driver of the defend-

Reported in 233 Pac. 314.

ants' car. The defendants cross-complained, alleging that the collision was caused by the negligence of the plaintiff. The cause was tried to the court and a jury. The defendants declined to offer any evidence as to the market value of their car just before the injury and immediately thereafter. The trial court withdrew the cross-complaint from the jury. The trial resulted in a verdict in favor of the plaintiff in the sum of $335, and from the judgment upon the verdict the defendants appeal.

It is claimed that the trial court erred in not submitting the issue raised by the cross-complaint to the jury. There was no evidence offered by the appellants raising a question for the jury upon the cross-complaint. The measure of damages in such cases is the difference between the market value of the automobile just before the injury and immediately thereafter. *Alexander v. Barnes Amusement Co.,* 105 Wash. 346, 177 Pac. 786; *Poole's Seed & Imp. Co. v. Rudene,* 117 Wash. 150, 200 Pac. 1104. Without evidence as to the market value of the appellants' automobile immediately before and just after the accident, there was nothing to submit to the jury upon the cross-complaint.

It is also claimed that, since the respondent had purchased the car that he was driving on a conditional sale contract, he had no right to maintain the action. Under the cases of *Messenger v. Murphy,* 33 Wash. 353, 74 Pac. 480, and *Stotts v. Puget Sound Tr., L. & P. Co.,* 94 Wash. 339, 162 Pac. 519, L. R. A. 1917D 214, the respondent had a right to prosecute an action for damages to his automobile.

The other assignments of error have been considered, but we find in them no substantial merit such as would justify a detailed discussion.

The judgment will be affirmed.

TOLMAN, C. J., PARKER, and ASKREN, JJ., concur.