[No. 26566. Department One. September 1, 1937.]

HELEN DAVIS et al., Respondents, v. HARRY WOOLLEN, Defendant, EVANS WOOLLEN, Appellant.[1]

[1]Reported in 71 P. (2d) 172.

*Andrew J. Balliet,* for appellant.

*Chas. H. Graves,* for respondents.

MAIN, J.—This is an appeal from a judgment of the superior court, in a supplemental proceeding, subjecting property to the lien of the judgment which stands in the name of a nonresident who was a brother of the judgment debtor.

The facts, so far as the controlling question is concerned, are not in dispute, and may be summarized as follows: June 16, 1936, three several judgments were obtained against one Harry Woollen, who was a resident of Seattle, this state, the total amount of which was sixty-five hundred dollars. Execution was issued upon the judgments, and, by the return of the sheriff, no property was found.

June 25, 1936, and after the sheriff's return, the judgment creditors procured and served an order, in proceedings supplemental to execution, requiring the defendant Woollen to appear for examination on June 30th following. He appeared, and it developed that he owned neither real nor personal property, but that, on the day the trial of the actions began, he had conveyed his interest in real property in Seattle and his personal property to his brother, Evans Woollen, residing in Indianapolis, Indiana.

Thereupon, the judgment creditors made a motion, supported by affidavit, for an order making Evans Woollen an additional party defendant. The motion

was granted, and an order was issued directing Evans Woollen to show cause on September 10, 1936, why the transfers mentioned should not be set aside. This order directed that a copy of it be served upon Evans Woollen personally, and the order was so served at Indianapolis, Indiana, July 9, 1936.

Evans Woollen appeared specially, moved to quash the service for want of jurisdiction over him, and also made response to the order preserving his special appearance. The motion was denied, and the cause went to trial. The trial resulted in findings of fact and a judgment that the conveyance of the real estate and the transfer of the personal property above mentioned be set aside and held for naught, established the lien of the judgment, and authorized the sale of the property upon execution. It is from this order that the appeal was taken.

The controlling question upon this appeal is whether the superior court of King county, by the service of a show cause order upon Evans Woollen in Indianapolis, had obtained jurisdiction to proceed against the property.

Rem. Rev. Stat., § 613 [P. C. § 7927], which is one of the sections of the chapter entitled "Proceedings Supplemental to Execution," provides that any judgment debtor who has property which he unjustly refuses to apply towards the satisfaction of a judgment against him, may be required, by order of the court, "to appear at a specified time and place before the judge granting the order, . . . to answer concerning the same; . . ."

Section 615 [P. C. § 7929], provides that any person may be made a party to a supplemental proceeding "by service of a like order in like manner as that required to be served upon the judgment debtor, . . ."

Section 638-1 [P. C. § 7954a], provides that, in any supplemental proceeding, the title to real or personal property may be litigated, if the person or persons "claiming adversely be a party to the proceeding," and the respective interests of the parties in the real or personal property in dispute, may be determined. In the same section, it is further provided that, if the person claiming adversely to the judgment debtor,

". . . be not a party to the proceeding, the court shall by show cause order or otherwise cause such person to be brought in and made a party thereto, and shall set such proceeding for hearing on the first open date in the trial calendar. . . ."

 It will be observed that, in the excerpt just quoted, it is stated that, if the person claiming adversely to the judgment debtor be not a party to the proceeding, the court shall, "by show cause order or otherwise," cause such person to be a party. There is nothing in this section which indicates an intention on the part of the legislature that the show cause order there mentioned should be used as process to obtain jurisdiction to proceed against the property in this state which a nonresident owns or claims to own.

While it may be said that the proceeding is one *in rem*, and that the property is within the power or control of the court, nevertheless the court has no jurisdiction to proceed against it until there is some form of service authorized by law. Rem. Rev. Stat., § 228 [P. C. § 8441], provides for service by publication in the instances therein specified, one of which is when the defendant is a nonresident of the state, but has property therein, and the court has jurisdiction of the subject of the action. In such a case, § 233 [P. C. § 8446] specifies the manner in which jurisdiction to proceed against the property may be acquired by the publication of a sixty-day summons. This section sets

out the form of such a summons. Section 234 [P. C. § 8447], provides that personal service on a defendant out of the state

". . . shall be equivalent to service by publication, and the summons upon the defendant out of the state shall contain the same as personal summons within the state, except it shall require the defendant to appear and answer within sixty days after such personal service out of the state."

This is the section that authorizes personal service of a summons outside of the state, and it is the only statute, so far as we are informed, which authorizes such service. The legislature, in § 638-1, provided that, if a person claiming adversely to the judgment debtor be not a party to the proceeding, he could be brought in by show cause order or "otherwise," and the "otherwise" means, it would appear to us, proceed in accordance with the statutes above mentioned, which authorize constructive service upon a nonresident, either by publication of a summons or by service of a summons.

Statutes authorizing constructive service by publication or by service of summons outside of the state are in derogation of the common law, and are to be strictly construed, and all statutory requirements must be accurately taken in order to confer upon the court jurisdiction over the defendant, although the subject-matter of the action is within the power of the court. *Jennings v. Rocky Bar Gold Mining Co.*, 29 Wash. 726, 70 Pac. 136; *Schmelling v. Hoffman*, 111 Wash. 408, 191 Pac. 618.

As already stated, we find no legislative authority for obtaining jurisdiction by service of a copy of a show cause order outside of the state. This question was presented in *State ex rel. Hopman v. Superior Court*, 88 Wash. 612, 153 Pac. 315, where there was an

attempt to bring in a nonresident as a party defendant to a garnishment proceeding by personal service outside of the state, and it was there held that the attempt must fail because there was no compliance either with the statute authorizing service by publication or that authorizing personal service outside of the state. In that case, there was service, personally, outside of the state, of a notice and order of the court. It was there said:

"It would seem clear, therefore, if the right to serve personally without the state exists, it must be specially conferred by statute. Section 69 of Rem. & Bal. Code (P. C. 127 § 29), under which it is claimed the procedure adopted in this case is authorized, does not in terms confer upon the court the power to adopt a process for the purpose of acquiring jurisdiction of a nonresident defendant. Whatever may be the power of the court under that section of the statute relative to the issuing of process which shall be served within the territorial boundaries of the jurisdiction of the court, its meaning cannot be stretched to include the power to adopt a process for the purpose of acquiring jurisdiction where the defendant is without the state."

That language is applicable to the present situation. In principle, there is no distinction between the two cases. Under the holding in that case, the service attempted in this case must fail. No jurisdiction having been obtained, the merits of the case are not now before us.

The judgment will be reversed, and the cause remanded for further proceedings, if the judgment creditors so elect, in the manner herein indicated.

BLAKE and GERAGHTY, JJ., concur.

ROBINSON, J. (concurring)—I concur in the opinion in the belief that its conclusion was, and could properly be, arrived at without resort to the statement of facts.

MILLARD, J. (dissenting)—The motion of the respondents to strike the statement of facts and affirm the judgment should be granted. The statement of facts was filed more than ninety days subsequent to the entry of the order denying the motion for a new trial and the date of the entry of the decree. On the record before us, nothing remains but to affirm the decree.