[No. 28501. Department Two. December 30, 1941.]

BERCHIA JUNKIN *et al.*, *Appellants*, v. A. ANDERSON *et al.*, *Respondents.*[1]

[1]Reported in 120 P. (2d) 548; 123 P. (2d) 759.

60

*Arthur H. Hutchinson,* for appellants.

*Fred C. Campbell,* for respondents.

BEALS, J.—During the year 1937, C. W. Havery purchased a Chevrolet sedan, mortgaging the same to Ray Sullivan Company for $560, to be paid in monthly installments of thirty-one dollars each. After making one or two payments upon the mortgage, Mr. Havery died, leaving his widow, Ann Marie Havery, and a daughter, Murriel, who was married to Berchia Junkin. The administrator of Mr. Havery's estate agreed with the mortgagee that the latter should take possession of the car, and sometime thereafter an arrangement was made whereby, under a new contract, the automobile was by the mortgagee redelivered either to Mrs. Havery or Berchia Junkin, her son-in-law.

A. Anderson, a judgment creditor of Mrs. Havery, summoned her before the superior court by way of a proceeding supplemental to execution, and in an endeavor to find property upon which he could levy in satisfaction of his judgment, asked her concerning the ownership of the automobile. Mrs. Havery disclaimed any interest in the car, stating under oath that the same was owned by her son-in-law, Berchia Junkin, who was at that time serving an enlistment in the United States navy and, with his wife, was absent from the state of Washington. Mr. Anderson took no steps to make Mr. Junkin a party to the supplementary proceeding, and the superior court, after considering the evidence and concluding that the car belonged to Mrs. Havery, directed her to turn the same over to the sheriff, who sold it pursuant to execution issued on the judgment in the case of Anderson v. Havery. Mrs. Havery thereafter drew down $177.81, which remained with the sheriff after the application of the proceeds of

the sale of the car to the payment of Anderson's judgment.

Thereafter, Berchia and Murriel Junkin, as plaintiffs, instituted this action against A. Anderson and Hulda Anderson, his wife, William E. Severyns, as sheriff of King county, and the surety upon his official bond, alleging their ownership of the automobile, and that the same was of the value of $536; that they had purchased the car from Ray Sullivan Company, having made an initial payment and thereafter certain monthly installments. Plaintiffs further alleged that, on or about September 15, 1939, the defendants seized and converted the automobile to their own use and benefit, to plaintiffs' damage in the sum of $536.

By their answer, defendants Anderson denied plaintiffs' ownership of the car and its alleged value, and denied that they had unlawfully converted the same to their own use. The record before us shows no appearance by the sheriff and his surety, and we shall refer to defendants Anderson as though they were the only parties defendant to the action.

By way of an affirmative defense, the defendants pleaded the supplementary proceeding in the case of Anderson v. Havery, above referred to, the sale of the car by the sheriff, and the payment to Mrs. Havery by the sheriff of the sum of $177.81, being the residue of the proceeds of the automobile remaining in the hands of the defendant sheriff after the satisfaction of defendant Anderson's judgment. Defendants further pleaded that Mrs. Havery, at the time of the supplementary proceeding, had possession of the automobile; that, at the hearing on the proceeding supplemental to execution before the superior court, Mrs. Havery had claimed that the title to the automobile was in her son-in-law, Berchia Junkin; and that all the issues referring to the title to the automobile as between Mr.

Anderson and the plaintiffs Junkin could have been, and in fact were, decided by the court in the orders entered in the supplementary proceeding. Defendants also pleaded that Mrs. Havery was acting as the agent of plaintiff Junkin; that Mr. and Mrs. Junkin knew of the pendency of the supplementary proceeding, authorized Mrs. Havery to act for them, and approved her action in the premises. Defendants also pleaded that Mrs. Havery and Mr. Junkin had acted with the intent and purpose to defeat and defraud Mrs. Havery's creditors, with particular reference to defendant Anderson. Finally, defendants pleaded that the orders of the superior court entered in the supplementary proceeding were *res judicata,* and that plaintiffs Junkin were bound thereby.

By their reply, plaintiffs denied the affirmative allegations in defendants' answer, and the action proceeded to trial before the court, sitting with a jury. At the close of plaintiffs' case, the defendants challenged the sufficiency of the evidence to support a judgment in plaintiffs' favor, and moved to dismiss the action. This motion was denied, but when, at the close of the entire case, defendants challenged the sufficiency of the evidence to support a verdict in favor of the plaintiffs and moved for a directed verdict in favor of defendants, the trial court ruled in defendants' favor, holding that, as matter of law, the evidence would not support a verdict in plaintiffs' favor, and after denial of plaintiffs' motion for a new trial, entered judgment dismissing the action, from which plaintiffs have appealed.

Error is assigned upon the trial court's ruling that the evidence would not support any verdict in appellants' favor, but on the contrary entitled respondents to a dismissal of the action; upon the refusal of the trial court to submit the case to the jury; and upon

the entry of judgment in respondents'· favor dismissing the action.

In this opinion, we shall refer to Berchia Junkin as appellant, and A. Anderson as respondent.

The trial court filed a memorandum opinion, suggesting three matters, two of which appeared to the court to sustain the order of dismissal: First, that appellant had failed to introduce any evidence as to the value of the automobile; second, that no certificate of title showing Berchia Junkin's ownership of the car had ever been issued; and third, that, as between appellant and respondent, the superior court had already adjudicated the question of title in respondent's favor.

As to the question concerning the certificate of title of the car, the trial court expressed no conclusion, but indicated that, as between Mrs. Havery and Mr. Junkin, the title might have passed, although the certificate of title was not transferred. We shall discuss this question later.

As to the matter of the value of the car, respondent is correct in contending that the measure of damages in conversion is the value of the article converted at the time of the taking. *Baumgardner v. Kerr-Gifford & Co.*, 144 Wash. 206, 257 Pac. 390. In this connection, respondent relies upon the case of *Oros v. Allen,* 133 Wash. 268, 233 Pac. 314. The cause of action in the case cited was not based upon a conversion, but concerned damages to an automobile as the result of a collision with another car. The measure of damages in such cases is inapplicable to conversion actions. For purposes of this opinion, the case cited stands only for the general proposition that a litigant must prove all contested elements of his cause of action, in order to recover.

■ While it may be argued that, in the case at bar, appellant did not introduce clear-cut evidence of the market value of the car at the time of the taking, the record contains some evidence of value upon which the jury might have based a verdict in appellant's favor, if they found the facts to be as contended by appellant. The question of value did not rest upon mere speculation and conjecture, as appellant showed, *inter alia*, the original cost of the car to Mr. Havery, the name of the car, and the year of its manufacture; and it stands admitted by the pleadings that the car was sold by the sheriff for $390. The trial court was not warranted in taking the case from the jury because of lack of sufficient evidence to enable the jury to determine the value of the car should they find in appellant's favor.

The principal question here presented involves the effect of the order entered by the superior court in the course of the proceeding supplemental to execution, brought by respondent in the case in which respondent was plaintiff and Mrs. Havery was defendant. If that order constitutes *res judicata* as between respondent and appellant, or if for any reason that order operates as a binding estoppel against appellant, the judgment of which appellant here complains was correct.

Rem. Rev. Stat., §§ 613 to 646 [P. C. §§ 7927 to 7960], inclusive, cover the matter of proceedings supplemental to execution on judgments. Sections 620 and 638-1 [P. C. §§ 7934, 7954a] read as follows:

"§ 620. Where it appears from the examination or testimony taken in the special proceedings authorized by this chapter that the judgment debtor has in his possession or under his control money or other personal property belonging to him, or that one or more articles of personal property capable of manual delivery, his right to the possession whereof is not sub-

stantially disputed, are in the possession or under the control of another person, the judge by whom the order or warrant was granted, or to whom it is returnable, may in his discretion, and upon such notice given to such persons as he deems just, or without notice, make an order directing the judgment debtor, or other person, immediately to pay the money or deliver the articles of personal property to a sheriff designated in the order, unless a receiver has been appointed or a receivership has been extended to the special proceedings, and in that case to the receiver."

"§ 638-1. In any supplemental proceeding, where it appears to the court that a judgment debtor may have an interest in or title to any real property, and such interest or title is disclaimed by the judgment debtor or disputed by another person, or it appears that the judgment debtor may own or have a right of possession to any personal property, and such ownership or right of possession is substantially disputed by another person, the court may, if the person or persons claiming adversely be a party to the proceeding, adjudicate the respective interests of the parties in such real or personal property, and may determine such property to be wholly or in part the property of the judgment debtor. If the person claiming adversely to the judgment debtor be not a party to the proceeding, the court shall by show cause order or otherwise cause such person to be brought in and made a party thereto, and shall set such proceeding for hearing on the first open date in the trial calendar. Any person so made a party, or any party to the original proceeding, may have such issue determined by a jury upon demand therefor and payment of a jury fee as in other civil actions; provided, that such person would be entitled to a jury trial if the matter was adjudicated in a separate action."

Appellant argues that it appears from the record in the case at bar that, in the hearing before the court on the proceeding supplemental to execution, the matter of appellant's claim of ownership of the car was by Mrs. Havery clearly brought to the attention

of the court; and that, because the trial court in that proceeding took no steps to make appellant a party to the proceeding, or to in any way obtain jurisdiction over appellant, thereby empowering the court to determine the ownership of the automobile, the order entered in the supplementary proceeding was void, and does not now operate to preclude appellant from asserting his right, as owner of the automobile, against respondent.

Section 638 [P. C. § 7954] provides that proceedings supplemental to execution are special proceedings which are to be heard by the judge or referee without a jury, except as provided for in § 638-1. They are summary in character and merely auxiliary to the original action. *State ex rel. McDowall v. Superior Court,* 152 Wash. 323, 277 Pac. 850.

Section 638-1 [P. C. § 7954a] sets out the procedure to be followed where the title or the right to possession of real or personal property is disclaimed by the judgment debtor, or is substantially disputed by another person. That this section was meant to be the exclusive procedure to be followed in such circumstances is made evident from a reading of this section and noting that,

"In *any* supplemental proceeding [where the right to the property is substantially disputed], . . . the court may, *if the person or persons claiming adversely be a party to the proceeding,* adjudicate the respective interests . . . " (Italics ours.)

To paraphrase a corollary proposition: In any supplemental proceeding where the right to the property is substantially disputed, if the person claiming adversely be *not* a party to the proceeding, nor made a party thereto, the court may *not* adjudicate the respective interests in such property. And the jurisdictional requirements of § 638-1, relative to parties,

do not depend upon whether the particular property in dispute is in the possession of the judgment debtor or in the possession of the adverse claimant.

It may be argued that the disclaimer by the judgment debtor of his interest in personal property does not invoke the procedure of § 638-1, as would his disclaimer of title to real property. But we see no merit in this contention. The judgment debtor's disclaimer of ownership of personal property, taken together with his claim of ownership in a certain other person, can create a substantial dispute as to ownership within the meaning of this section, even though the adverse claimant has not personally presented his claim.

Section 620 must be considered in relation to § 638-1. In so far as the two may be in conflict, § 638-1, the more recently enacted section, must prevail. Thus construing § 620, and applying it to a situation wherein the judgment creditor has caused only the judgment debtor to be made a party to the supplemental proceeding, it is manifest that the court has no power to order the judgment debtor to deliver up to the sheriff personal property in the judgment debtor's possession, "ownership [of which] . . . is substantially disputed by another person." The court can acquire jurisdiction to make such an order only by following the method prescribed in § 638-1.

If in a supplemental proceeding such a question of title is presented for determination, in the absence of voluntary appearance by the third party, any purported adjudication of the title is void, if jurisdiction over the parties or the property has not been obtained in some manner within the requirements of the section.

It appears beyond question, both from the pleadings and the statement of facts, that the title to the automobile was in substantial dispute. The parties do not contend otherwise, nor did the trial court find other-

wise, either in the trial of this cause or in the supplemental proceeding.

■ The supplemental proceeding being special in character, the court's jurisdiction thereof must appear by its records. *Smith v. Department of Labor & Industries,* 1 Wn. (2d) 305, 95 P. (2d) 1031. No presumption attaches in favor of the jurisdiction of the court therein. *State ex rel. Timm v. Trounce,* 5 Wash. 804, 32 Pac. 750.

No question is here presented concerning the validity of the recital of jurisdictional facts contained in the formal judgment of the superior court. The order which the superior court entered in the special proceeding contained no statement to the effect that there existed no substantial dispute concerning the title to the automobile. The record of the proceeding before the superior court shows, on the contrary, that such a substantial dispute did exist. Under the circumstances, the order of the superior court, when attacked in the case at bar, is not entitled to the presumption that no such dispute then existed. The proceedings had before the superior court, leading up to the order referred to, which were had supplemental to execution, were, by the terms of the statute itself (Rem. Rev. Stat., § 638, *supra*) special in their nature (unless Rem. Rev. Stat., § 638-1, be invoked, which was not the case in the proceedings now under examination).

The rule is stated in the following standard texts:

"Where a court of general jurisdiction proceeds in the exercise of special powers, wholly derived from statute, and not exercised according to the course of the common law, or not pertaining to its general jurisdiction, its jurisdiction must appear in the record, and cannot be presumed in a collateral proceeding, although the court proceeds in accordance with the course of the common law as far as applicable to the proceedings." 34 C. J. 543.

"It is an established rule that when a court of general jurisdiction has special and statutory powers conferred upon it, which are wholly derived from statute, and not exercised according to the course of the common law, or are not part of its general jurisdiction, it is to be regarded as quoad hoc an inferior or limited court, and its judgments to be treated accordingly, that is, its jurisdiction must appear on the record and cannot be presumed."  1 Black, Judgments, 427, § 279.

"It is well settled that a judgment in a summary proceeding must show upon its face everything that is necessary to sustain the jurisdiction of the court rendering it."  1 Black, Judgments, 429, § 280.

"The jurisdiction exercised by courts of record is, in many cases, dependent upon special statutes conferring an authority in derogation of the common law, and specifying the manner in which such authority shall be employed.  The decided preponderance of adjudged cases upon the subject establishes the rule that judgments arising from the exercise of this jurisdiction are to be regarded in no other light, and supported by no other presumptions, than judgments pronounced in courts not of record.  The particular state of facts necessary to confer jurisdiction will not be presumed; and if such facts do not appear, the judgment will be treated as void.  The supreme court of the United States has laid down the rule that when a statute prescribes the manner in which the rights conferred by it are to be pursued, and the powers delegated by it are to be exercised in a special and summary manner, the proceedings of the court will be considered as of the same character as the proceedings of courts not of record; but when the statute confers new powers and rights, to be brought into action by the usual form of common law or of chancery practice, the proceedings and judgments of the court will have all the characteristics of the proceedings and judgments of courts of record."  1 Freeman, Judgments, 834, § 389.

The court file in the supplemental proceeding was introduced in evidence at the trial of this action. From this file, it appears that the court was of the

opinion that the title to the property was seriously in dispute. That there was a substantial dispute as to the title to the car, and merit in appellant's claim thereto, is evidenced by our conclusion to follow herein that appellant has made out a case for the jury on his claim of ownership.

The question of whether or not Mr. and Mrs. Junkin were parties to the supplemental proceeding, because of their relationship to Mrs. Havery, their knowledge of the proceeding, and their interest in the automobile, must be considered. If, because of these factors, the Junkins were parties to the proceeding, then the court had jurisdiction to adjudicate the title to the automobile.

The phrase "party to the proceeding" is not always used in the same sense. In applying the doctrine of *res judicata* or estoppel by judgment, it is sometimes held that a person is bound by a judgment and concluded thereby from subsequently relitigating the same issue, and therefore, in a broad sense, is a party to a proceeding, although such person does not appear on the record as a party, and no personal jurisdiction over him or his property was acquired by the court which rendered the judgment. Of course, in such a case, no personal judgment can be rendered for or against such a person.

Section 638-1, *supra,* does not deal with any question of *res judicata* or estoppel by judgment. The phrase "party to the proceeding," as contained in this section, is there used in relation to the jurisdiction of the court to render a valid judgment, and the word party should be accorded its legal significance by reference to the context.

Clearly, the intent of § 638-1 is that, as a prerequisite to adjudicating any question of title referred to in the section, the court must bring within its jurisdiction

all persons disputing the judgment debtor's ownership or right to possession of property, or in some way obtain jurisdiction to act directly upon the property, so that the order to be entered may operate with binding effect as to the property, for or against such person or persons.

In its primary legal sense, the term party may be defined as an interested litigant whose name appears of record as a plaintiff or defendant, or in some other equivalent capacity, and over whom the court has acquired jurisdiction.

It would, however, be irrational to apply this strict definition to § 638-1, because to do so would restrict the jurisdiction of the court with reference to the judgment debtor's property to instances where the third party claimant of that property is personally within the jurisdiction of the court. In *Davis v. Woollen,* 191 Wash. 379, 71 P. (2d) 172, we treated § 638-1 as authorizing the court, upon proper service, to proceed with the adjudications there provided for, even though the adverse claimant was a nonresident. In this connection, we said:

"The legislature, in § 638-1, provided that, if a person claiming adversely to the judgment debtor be not a party to the proceeding, he could be brought in by show cause order or 'otherwise,' and the 'otherwise' means, it would appear to us, proceed in accordance with the statutes above mentioned, which authorize constructive service upon a nonresident, either by publication of a summons or by service of a summons."

We are in accord with the views there expressed, and hold accordingly that a nonresident adverse claimant to the judgment debtor's property may be made a party to a supplemental proceeding. This conclusion is required, if the statute is to be rendered effective as a practical proposition, for if the court could not make a nonresident claimant a party to the supple-

mental proceeding, so as to continue with the adjudication, a ready avenue of escape would be opened to judgment debtors.

To avoid this obviously undesirable result, it must have been intended by the legislature that a supplemental proceeding be, where necessary, somewhat in the nature of a proceeding *in rem*. We so intimated in *Davis v. Woollen, supra*. When using the term party in § 638-1, the legislature must have intended that term to include a nonresident adverse claimant whose property or purported property interest was involved in the proceeding and properly made subject to the court's jurisdiction, although the claimant was not personally before the court, and could not be subjected to a judgment *in personam*. As thus construed, the term party, as used in § 638-1, may be defined as an interested litigant whose name appears of record as a plaintiff or defendant, or in some equivalent capacity, and over whom, or over whose property, or over whose claim, or possible claim, to property, or lien thereon, the court has acquired jurisdiction.

In this sense, appellant was never made a party to the supplemental proceeding. It appears beyond question that, in that proceeding, the title to the automobile was in dispute. Mrs. Havery disclaimed title and testified that the car belonged to appellant. No attempt was made to subject appellant to the jurisdiction of the court, nor was any attempt made to vest the court with jurisdiction to bind appellant by any order concerning the title to the automobile. It must, therefore, be held that, in the supplemental proceeding, the court was without jurisdiction to make any order affecting the title to the automobile.

■ Another defect in the supplemental proceeding should be noted. In the final amended order entered in the supplemental proceeding, the court recited that

Mrs. Havery, the judgment debtor, had appeared and testified that she had transferred the car to appellant, and that she was no longer the owner thereof. Nevertheless the court expressly made

" . . . no finding as to the effect of the alleged transfer of said motor car to said B. T. Junkin as between the said B. T. Junkin and the defendant [the judgment debtor]."

Section 638-1 does not contemplate the entry of a final order of this character. In substance, § 638-1 provides that, where the ownership or right of possession by the judgment debtor is substantially disputed by another person, that other person, if not already a party to the proceeding, shall be made a party; and, with all interested parties before it, the court may then "adjudicate the respective interests of the parties in such real or personal property, and may determine such property to be wholly or in part the property of the judgment debtor."

The court cannot, as was attempted to be done in the supplemental proceeding, refuse to adjudicate the respective interests in the property as between the judgment debtor and the third person claimant, and yet adjudge the property to belong to the judgment debtor in so far as the rights of the judgment creditor are concerned. If any interests are adjudicated, all the respective interests should be adjudicated. If this section be otherwise construed, the determinations reached in supplemental proceedings would be inconclusive in character, and subsequent litigation would be unduly fostered. These results would be utterly foreign to the purpose of § 638-1, which was intended to supplement the rest of the act in providing a complete and adequate relief to judgment creditors of the character formerly available under the common-law procedure known as the creditors' bill in equity. *Knettle v. Knettle,* 164 Wash. 468, 3 P. (2d) 133.

Respondent argues that, by the decree in the supplemental proceeding, appellant is now barred from asserting title to the automobile, because appellant had notice of the proceeding and, as to Mrs. Havery, stood in the relation of her bailor. The order in the supplemental proceeding being void, appellant is not estopped thereby from asserting his claim in this action.

■ As above stated, respondent argues that the record shows that appellant acquired no title to the car as against respondent, for the reason that no certificate of ownership was issued in appellant's name pursuant to Rem. Rev. Stat., Vol. 7A, § 6312-2 [P. C. § 2696-659] *et seq.* Section 6312-2 reads in part as follows:

"It shall be unlawful for any person to . . . sell or transfer any vehicle without complying with all the provisions of this chapter relating to certificates of ownership and license registration of vehicles: . . . "

The statute does not purport to make void transfers accomplished without compliance with the above mentioned provisions, nor does it even make the purchaser's act unlawful.

The validity of a sale as between the parties, where the certificate of registration has remained in the vendor's name, has been considered by a number of courts. There is a definite disagreement in the conclusions which have been reached, but the weight of authority construing statutes similar to ours supports our view that, as between the parties, the sale is valid. *Cerex Co. v. Peterson*, 203 Iowa 355, 212 N. W. 890; *Shepard v. Findley*, 204 Iowa 107, 214 N. W. 676; *Commercial Credit Co. v. McNelly*, 36 Del. 88, 171 Atl. 446; *Janney v. Bell*, 111 F. (2d) 103.

In the case of *Hartford v. Stout*, 102 Wash. 241, 172 Pac. 1168, a question somewhat similar to that now

under consideration was presented. It appeared that the plaintiff had taken title to his automobile in the name of his father, in whose name the license plates were also issued. The car was insured in the father's name, and he, as mortgagor, pledged the car as security. Under an execution issued upon a judgment rendered against the plaintiff's father, the sheriff seized the car as the father's property. The plaintiff brought replevin against the judgment creditor, who argued that the plaintiff could not maintain the action, being estopped to assert title to the car because, in order to do so, the plaintiff would be required to prove the violation on his part of a mandatory statute regulating affidavits concerning titles to automobiles. The plaintiff established that, as between himself and his father, the car belonged to the plaintiff, and a judgment rendered by the superior court in plaintiff's favor was affirmed. In the course of the opinion, we said:

"He [the plaintiff] is undoubtedly estopped from asserting title as against his father's mortgagee, and it may be that he would be estopped from asserting title as against an innocent purchaser for value from his father, and it may be also, as the appellants contend, that he has made false assertions and false affidavits concerning the title to the property; but it does not follow because of this that he may not assert title as against his father's judgment creditors. A judgment creditor, under our practice, can never become an innocent purchaser of property sold under his writ of execution. He takes only the title of his judgment debtor, and if the judgment debtor has no title, he takes none. For the other wrongs mentioned he must answer to the state or to the party wronged; their commission confers no right on others to seize his property."

In the case of *Kimball v. Donohue,* 124 Wash. 505, 214 Pac. 1045, 217 Pac. 37, it was again held that, as between the parties, a mere paper title would not pre-

vail against strong evidence of equitable ownership in another.

No good reason exists for aiding a judgment creditor at the expense of the rightful owner of property, in cases where the paper title was not fraudulent or otherwise prejudicial to the judgment creditor's rights. The creditor may not rely upon a technical legal title in the judgment debtor to defeat the rights of the true equitable owner. The statutes providing for registration of the titles to motor vehicles were not designed to aid judgment creditors as such, or for benefiting them unjustly at the expense of a bona fide owner.

In the case at bar, respondent may not prevail because the certificate of registration of title did not show ownership in appellant.

Respondent seeks to estop appellant from asserting title to the automobile. Examination of the record convinces us that, from the evidence, the jury might have found that appellant had a right to the car, superior to that which respondent contended was vested in Mrs. Havery. In view of the fact that a new trial must be had, it is unnecessary to review the evidence.

It follows that the case should have been submitted to the jury on the question of appellant's title to, and right to possession of, the automobile.

The judgment appealed from is reversed, and the cause remanded with instructions to grant appellant's motion for a new trial.

ROBINSON, C. J., BLAKE, SIMPSON, and JEFFERS, JJ., concur.

## ON REHEARING.

### [*En Banc.* March 23, 1942.]

PER CURIAM.—On a rehearing *En Banc,* the court adheres to the Departmental opinion heretofore filed herein.