[No. 2700. Decided November 29, 1897.]

THERESA KLEPSCH, *Administratrix, Respondent,* v.
GEORGE DONALD *et al., Defendants,* D. C. CORBIN,
*Appellant.*

SUPPLEMENTARY PROCEEDINGS — WHEN AUTHORIZED — ORDER FOR DE-
LIVERY OF PERSONAL PROPERTY.

The return of an execution unsatisfied is sufficient to authorize
a resort to proceedings supplementary to execution.

Where the judgment creditor's affidavit alleges that an execu-
tion upon a judgment against defendant has been returned *nulla
bona,* and that defendant has personal property which he re-
fuses to apply in satisfaction of the judgment but that he secretes
same and withholds it from execution, the affidavit states facts
sufficient to authorize the court to require defendant to appear
for examination concerning the allegations of the affidavit.

Where it appears from an examination of defendant in pro-
ceedings supplementary to execution that he has personal
property which he has withheld from execution, the court is
warranted in ordering him to turn over such property to the
sheriff for sale.

Appeal from Superior Court, Spokane County.—Hon.
L. H. PRATHER, Judge. Affirmed.

*Jay H. Adams,* for appellant.

*Graves, Wolf & Graves,* and *John B. Hess,* for respond-
ent.

The opinion of the court was delivered by

REAVIS, J.—The respondent recovered judgment on ap-
peal to this court on March 14, 1894, against George Don-
ald, James L. Smith and Frank B. Howell, as principals,
and A. A. Newberry and D. C. Corbin, as sureties on the
supersedeas bond. A remittitur was sent to the superior

court of Spokane and thereafter became a judgment for enforcement in that court.

On the 17th day of March, 1897, respondent filed her affidavit in the superior court of Spokane county, with a motion thereon in proceedings supplemental to execution. The affidavit recited the existence of the judgment and the amount thereof, and that a certain amount was unpaid thereon. The motion was made upon the affidavit and the record in said cause. It appears that executions have been issued against the various defendants and returned unsatisfied. The affidavit stated further that Corbin had property which he unjustly refused to apply towards the satisfaction of the judgment; that he withheld and secreted it so that it could not be reached by ordinary process of law; that the Old National Bank, a corporation in Spokane, had personal property of the judgment debtor of over the value of twenty-five dollars, and was indebted in more than that sum to Corbin; that S. S. Glidden was the president of the corporation and the proper person to answer concerning the matters alleged; that the Spokane Falls and Northern Railway Company, a corporation in Spokane, had personal property in its possession belonging to Corbin of the value of more than twenty-five dollars, and was indebted to Corbin in more than the sum of twenty-five dollars; and that G. H. Martin was the proper officer of the corporation to appear and answer concerning the matters alleged. Upon this affidavit and motion the judge of the superior court required Corbin, Glidden and Martin to appear before him for examination concerning the allegations of the affidavit.

Appellant Corbin appeared and filed a motion to set aside the order of the court upon the ground that the affidavit did not disclose facts sufficient to authorize the making of the order by the court, but the motion was overruled, to which an exception was taken. The proceeding was then

submitted to the court, upon the record in the cause, and the sworn statement of appellant Corbin. This statement disclosed that Corbin was the owner of certain first mortgage bonds of the Nelson and Fort Shepard Railway Company, of the par value of fifteen thousand dollars, and of certain shares of the capital stock of the Spokane Falls and Northern Railway Company, of the par value of one hundred thousand dollars, free from any incumbrance. The court thereupon ordered that Corbin deliver the said personal property to the sheriff of Spokane county to be by said sheriff sold in the manner provided by law under execution, and the proceeds applied to the payment of respondent's judgment.

Our statute relating to proceedings supplemental to execution (Laws 1893, p. 435, Bal. Code, §5312-5345) is in the nature of an equitable proceeding and analogous to creditors' bills. It is true that the judgment creditor can not proceed under the statute until he has exhausted his legal remedies, but the return of an execution unsatisfied is sufficient to authorize a resort to proceedings supplementary.

Respondent's affidavit stated that appellant Corbin had personal property which he refused to apply to the satisfaction of this judgment—which he secreted and withheld from execution. Upon his examination it was admitted by said appellant that he had such property in his possession. The court was therefore fully warranted in making the order for the delivery of such property to the sheriff.

The judgment is affirmed.

SCOTT, C. J., and DUNBAR, GORDON and ANDERS, JJ., concur.