[No. 16771.  Department One.  April 19, 1922.]

ELIZABETH M. BOUNDS, *Respondent*, v. MINNIE E. GALBRAITH, *Defendant*, F. E. LANGFORD, *Appellant.*[1]

EXECUTION (91)—SUPPLEMENTARY PROCEEDINGS—CLAIMS BY THIRD PERSONS.  In proceedings supplemental to execution, under Rem. Code, § 620, authorizing an order for the delivery of property "the right to the possession whereof is not substantially disputed," the court cannot require the delivery of money placed in the hands of and claimed by an attorney, advanced to him to cover the cost of and for the purpose of presenting an appeal for the judgment debtor.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered March 24, 1921, upon findings in favor of the plaintiff, in proceedings supplementary to execution, tried to the court.  Reversed.

*Lucius G. Nash*, for appellant.

*Corkery & Corkery* and *John M. Gleeson*, for respondent.

TOLMAN, J.—A judgment in this case was entered in favor of the respondent in December, 1920.  Execution was issued and returned *nulla bona.*  Thereafter, on January 5, 1921, proceedings supplemental to execution were begun, and appellant and others were cited

[1]Reported in 206 Pac. 357.

to appear and answer under oath as to what, if any,
property of the judgment debtor was in their posses-
sion or under their control. A hearing was had, and
thereafter the trial court made findings and conclu-
sions and entered an order thereon to the effect that
appellant had in his possession and under his control
$225 belonging to the judgment debtor, which sum he
was directed to pay to the sheriff. From this order he
appeals.

It appears without substantial dispute that appel-
lant, who was the attorney for the judgment debtor in
this and other matters, was employed to take an ap-
peal from the original judgment, and estimated that
the cost of prosecuting that appeal, with what was al-
ready due him from the judgment debtor, would
amount to the sum of $1,000. The judgment debtor
being without ready means at that time, appellant ar-
ranged for one Olsen to advance to him $1,000 for the
purpose indicated, and to secure Olsen, one Smead,
a son of the judgment debtor, by warranty deed, con-
veyed to Olsen's son an equity in certain residence
property in Spokane, the legal title to which he held.
At the time of the hearing below, the appeal from the
original judgment was pending in this court, and ap-
pellant's services in connection therewith were not
completed. The cost thereof had not been and could
not then be accurately determined, and the result of the
appeal, of course, was wholly unknown. Appellant
claimed the right to retain the whole sum of $1,000 to
be used for the purpose intended; nevertheless the trial
court proceeded to fix an amount which, in his opinion,
would be sufficient to cover the costs of the appeal, and
pay to appellant a reasonable compensation for his
services therein, and the sum so fixed, together with
the amount previously due him, appellant was permit-

ted to retain. The overplus is the amount which he was directed to pay to the sheriff.

This being a purely statutory proceeding, our statute upon this subject, Rem. Code, § 620 (P. C. § 7934), seems to be controlling. It reads:

"Where it appears from the examination or testimony taken in the special proceedings authorized by this chapter that the judgment debtor has in his possession or under his control money or other personal property belonging to him, or that one or more articles of personal property capable of manual delivery, his right to the possession whereof is not substantially disputed, are in the possession or under the control of another person, the judge by whom the order or warrant was granted, or to whom it is returnable, may in his discretion, and upon such notice given to such persons as he deems just, or without notice, make an order directing the judgment debtor, or other person, immediately to pay the money or deliver the articles of personal property to a sheriff designated in the order, unless a receiver has been appointed or a receivership has been extended to the special proceedings, and in that case to the receiver."

Assuming that money in the hands of a third person is within the statute, it clearly appears that the right of the judgment debtor to the possession and control of the money in appellant's hands, or any part of it, was substantially disputed, and therefore appellant's rights cannot be determined in this summary proceeding, but only in an action where the proper issues can be framed, all interested parties can be concluded, and where, if proper or desired, a jury trial may be had.

The judgment appealed from is reversed.

PARKER, C. J., FULLERTON, MITCHELL, and BRIDGES, JJ., concur.