[No. 17961. *En Banc.* March 7, 1924.]

## A. F. ANDERSON, *Respondent,* v. JOHN A. SODERBERG et al., *Defendants,* A. V. WILLIAMS & COMPANY, *Appellant.*[1]

EXECUTION (91)—SUPPLEMENTARY PROCEEDINGS—CLAIMS OF THIRD PERSONS—TITLE TO REAL PROPERTY—JURISDICTION. Upon supplemental proceedings upon a judgment, the court, upon ordering a certain corporation to appear to answer questions therein, from which it appeared that the corporation was claiming title to certain property, has no jurisdiction to enter a decree divesting it of its title, it not having been made a party to the suit, or served with process or given any notice that its title would be adjudicated.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered October 19, 1922, upon findings in favor of the plaintiff, in proceedings supplementary to execution, after a hearing before the court. Reversed.

[1] Reported in 223 Pac. 1044.

*Herman S. Frye* and *Edward H. Wright,* for appellant.

*Spencer Gray,* for respondent.

TOLMAN, J.—This action originally was one for the foreclosure of a real estate mortgage, resulting in foreclosure and sale of the mortgaged property, and a deficiency judgment against the defendants Soderberg in excess of twenty thousand dollars. Thereafter supplemental proceedings upon the deficiency judgment were begun, and a hearing was had on October 3, 1922, which hearing was continued at subsequent dates, defendant John A. Soderberg being examined at length regarding his property, and especially with reference to his ownership or interest in lot 5, block 424, Seattle Tidelands. On October 13, 1922, after Soderberg had been exhaustively examined, the plaintiff filed a motion asking for an order "requiring A. V. Williams & Company, a corporation, to appear on a certain date and answer in proceedings supplemental to execution," and accordingly the trial court entered an order on that day, which reads:

"Be it hereby ordered and decreed, that A. V. Williams & Company be and appear before this court in Department 1 thereof at the hour of 10 a. m., on the 18th day of October, 1922, to answer under oath concerning any property owned by the said defendants, available for the satisfaction of plaintiff's judgment herein."

The record discloses no other process of any kind or nature directed to or served upon the corporation or any of its officers. Apparently in response to this order, the three principal officers of the corporation appeared as witnesses and were examined under oath. No other appearance by the corporation of any sort is disclosed by the record, or suggested by either party.

After the examination was concluded, the trial court made findings and conclusions and entered a decree from which it appears that the court found that A. V. Williams & Company was the record owner of lot 5, block 424, Seattle Tidelands; that no written contract or agreement had ever been entered into between A. V. Williams & Company and the defendant Soderberg touching that property, and that neither A. V. Williams & Company, a corporation, nor A. V. Williams personally had any right, title, interest or claim in and to the property in question, but that the corporation held title thereto in trust for John A. Soderberg, who was the actual owner thereof; that the testimony of the officers of the corporation disclosed no substantial dispute of such ownership by or on the part of the corporation or of A. V. Williams personally, and the decree vested the title in Soderberg free and clear from all such claims, and made the plaintiff's judgment a lien thereon. From this decree, A. V. Williams & Company, a corporation, has appealed.

The first, principal, and, we think, controlling question urged here is that the appellant, not being a party to the action, and not being brought in as such, but being in fact subpoenaed as a witness only, the trial court had no such jurisdiction of it as to warrant the rendition of any judgment or the making of any order divesting it of its record title to real estate. We think this point well taken. The order already quoted entirely fails to give notice of any purpose or intent to try appellant's title to any property. The order required attendance for examination as to defendant's property only, could not be disobeyed without subjecting the appellant to punishment, and no written appearance, special or otherwise, was competent or permissible. At no time before the findings were made

was there anything, so far as the record discloses, to put appellant upon notice that its rights were to be there adjudicated and to call upon it to object.

We are not holding that a new party might not have been brought in, as suggested in *Murne v. Schwabacher,* 2 Wash. Terr. 130, 3 Pac. 899, but that here there was no attempt to bring in appellant as a party, but only as a witness to give evidence in the cause. Under these conditions, what was said in *Smith v. Weed,* 75 Wash. 452, 134 Pac. 1070, is peculiarly applicable.

"It is true, as argued by the appellants, in the words of the statute, that the order can only be made to turn over property in possession or under control of another person as property of the debtor 'his right to the possession whereof is not substantially disputed.' But unless we ignore the plain intent of the statute, and lose sight of its purpose as in aid of execution, this provision must be confined to third persons not parties to the original action, and against whom a trial of ownership in the summary proceedings would be without due process. It is furthermore true that the wife in this case claimed to own the property as her separate estate, and claimed that it could not be subjected to the judgments against the husband and the community. But she was a member of the community, was a party to the action, and had been brought in by original process. She was in the case for all purposes, and no inquiry pertinent to the purpose of the supplementary proceedings was as to her without due process any more than as to her husband."

Whatever may be the rule as to how far inquiry may be made into the title to real property under our statute on supplemental proceedings, we are satisfied that the record title in one not a party to the action cannot there be put in jeopardy if such record owner is still asserting his title. Such assertion of title creates a substantial dispute. Appellant at all times asserted its title to the property here involved, and since that

issue may still be properly tried, we make no comment on the evidence introduced touching this matter.

The judgment appealed from is reversed.

MAIN, C. J., HOLCOMB, PEMBERTON, FULLERTON, MACKINTOSH, BRIDGES, and PARKER, JJ., concur.