[No. 19778.  Department One.  February 8, 1926.]

THE STATE OF WASHINGTON, *on the Relation of E. W. Gough, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

[1] EXECUTION (97)—SUPPLEMENTARY PROCEEDINGS—PROCEEDINGS FOR EXAMINATION OF THIRD PERSONS.  Under the 1923 amendment of the act relating to supplemental proceedings (Rem. 1923 Sup. §§ 615, 629, and 638-1), providing that any person may be made a party to supplemental proceedings by service of the order in like manner as upon the judgment debtor, and that the proceedings shall be heard by the judge or referee before whom they are returnable, a third person, made a party, may be required to attend the hearing though he is a resident of another county and lives more than twenty miles away; such limitation (Rem. Comp. Stat., § 1215) applying only to witnesses.

Application filed in the supreme court, January 2, 1926, for a writ of prohibition, directed to the superior court for King county, Smith, Douglas, and Griffiths, JJ., to prevent the court from assuming jurisdiction in supplemental proceedings.  Denied.

*Louis J. Muscek*, for relator.

*Chester & Pixley*, for respondent.

TOLMAN, C. J.—This is an original application to this court for a writ of prohibition.

It is made to appear here that an action was commenced in the superior court for King county by one H. A. Peter, as plaintiff, against a number of defendants, one of whom was Jerome C. Hill, seeking the recovery of money due upon a promissory note.  In due course, a judgment was entered in that action, as prayed for, against all of the defendants, the defendant Jerome C. Hill making default.  Thereafter, on December 8, 1925, supplemental proceedings were com-

[1]Reported in 243 Pac. 11.

menced against the defendant Jerome C. Hill, and he was cited to appear for examination. Hill appeared in obedience to the order and submitted to examination, in the course of which it was developed that Hill had at one time been the owner of certain corporate stock, which he had theretofore transferred to one A. W. Gough. The hearing was continued to a day certain, and in the meantime, on December 21, 1925, an order was regularly issued, on motion of the plaintiff in that action, requiring A. W. Gough, president of the Pacific Lumber & Millwork Co., a corporation, to

" . . . be and appear in the Department 3 of the court, in the court house at Seattle, Washington, on the 29th day of December, 1925, at the hour of 9:30 o'clock in the forenoon, and that he bring with him and have present the books and records of the said Pacific Lumber & Millwork Co., pertaining to its financial transactions with the defendant, Jerome C. Hill, and the records of the stock ownership of the defendant, Jerome C. Hill, in the said corporation;"

which order was duly served upon the relator Gough on December 22. Upon the return day, relator appeared specially by counsel and moved to quash the order requiring his appearance in that action, for the reason and on the ground that the court was without jurisdiction in the premises. Upon the hearing of the motion, it was admitted that the relator is a resident of the city of Tacoma and that his place of residence is more than twenty miles from the court house in King county, where the matter was being heard. The order to quash was denied, and thereupon the relator made application to this court as hereinbefore stated.

Relator bases his contentions upon § 1215, Rem. Comp. Stat., which provides, in effect, that no person shall be obliged to attend as a witness in a civil action before any court sitting out of the county in which he

resides, unless his residence be within twenty miles of the place where such court sits, and contends that this court has held that a person, other than the judgment debtor, cited to appear in supplemental proceedings is a witness and not a party; citing *State ex rel. Timm v. Trounce,* 5 Wash. 804, 32 Pac. 750, and *State ex rel. Peterson v. Superior Court,* 67 Wash. 370, 121 Pac. 836. Undoubtedly these cases do so hold; but they are based upon the statute authorizing the examination of third persons in supplemental proceedings, as it then stood. Section 615, Rem. Comp. Stat., was the law from 1893 to the enactment of the amendment of 1923, p. 515 and it reads:

"Upon proof by affidavit or otherwise, to the satisfaction of the judge, that execution has been issued as prescribed by section 613 of this chapter, and also that any person or corporation has personal property of the judgment debtor of the value of twenty-five dollars or over, or is indebted to him in said amount, the judge may make an order requiring such person or corporation, or an officer thereof, to appear at a specified time and place before him, or a referee appointed by him, and answer concerning the same."

Under this statute, the cases already referred to were decided; and also in *Bounds v. Galbraith,* 119 Wash. 596, 206 Pac. 357, and *Anderson v. Soderberg,* 128 Wash. 582, 223 Pac. 1044, we held that subsequent sections of the same act did not authorize the court, in such proceedings to order the turning over of property, where the right of possession was substantially disputed, or the divesting one thus brought in of title to real property. The *Bounds* case was decided before the amendment of 1923 and the *Anderson* case after, but the judgment which was there reversed was entered in the trial court October 19, 1922, and no doubt the situation thus created was known to the legislature.

[1]   So, therefore, we find the legislature seeking to overcome the defects in the existing statute, which we had then pointed out, and to provide a way to determine the title to real estate in such proceedings, which was then in doubt.  To accomplish this end, there was enacted ch. 160, Laws of 1923, pp. 515, 516, which covers that part of the statutes relating to supplemental proceedings, which had been found to be defective or of doubtful efficacy.  In the first section of the amending act the then existing § 615 is amended so as to read:

"Any person may be made a party to a supplemental proceeding by service of a like order in like manner as that required to be served upon the judgment debtor, . . ."   [Rem. 1923 Sup., § 615.]

thus obviating the fault pointed out in the *Timm* and *Peterson* cases, *supra.*  The latter part of § 1 also provides for taking cognizance of title to real estate; section 2 [Id., § 629] provides for the awarding of costs to the judgment debtor, or other person against whom special proceedings have been instituted, when property is not discovered; section 3 [Id., § 638] provides that such proceedings are special proceedings and shall be heard by the judge or referee, before whom they are returnable, without a jury, except as provided in § 4; and § 4 [Rem. 1923 Sup., § 638-1] covers the defects in the prior law pointed out in the *Bounds* and *Anderson* cases, *supra,* and provides that issues which could not be adjudicated under the old statute may be determined under the new, and that the right to a trial by jury shall be preserved to any person otherwise entitled thereto.

It seems self-evident that, under the amendatory act of 1923, any person brought in as there provided is a party to the proceeding.  Process of the superior court, under our constitution, Art. IV, § 6, may issue to any

county in the state for the purpose of bringing in a party to an action or proceeding.

Section 1215, Rem. Comp. Stat., is limited by its terms to witnesses and has no effect upon parties to an action or proceeding, and, therefore, the writ here sought is denied.

HOLCOMB, MACKINTOSH, MAIN, and FULLERTON, JJ., concur.