[No. 19643. Department One. March 12, 1926.]

HAZEL PAPPAS, *Respondent,* v. ELLA TAYLOR, *Defendant,* PHOEBE GRAY, *Appellant.*[1]

[1] EXECUTION (103)—SUPPLEMENTAL PROCEEDINGS — RECEIVER — APPOINTMENT—NOTICE TO JUDGMENT DEBTOR. In supplemental proceedings, it is not error, of which third persons may complain, to appoint a receiver without notice to the judgment debtor, where the judgment debtor could not be found in the state; in view of Rem. Comp. Stat., § 640, requiring two days notice, unless the judge is satisfied that the judgment debtor cannot, with reasonable diligence, be found in the state, in which case the order must recite that fact.

[2] SAME (103). In supplemental proceedings, it is not error to appoint a receiver, with power to sell the property, notwithstanding the property could have been delivered to the sheriff and sold on execution.

[3] SAME (97, 102)—PROCEEDINGS FOR EXAMINATION OF THIRD PERSONS —ORDER AGAINST THIRD PERSONS. Rem. 1923 Sup., § 638-1, providing that an adverse claimant to property may be brought into supplemental proceedings by a show cause order, and that the court shall set the proceeding for hearing on the first open date in the trial calendar, authorizes the court to try and determine the title to real property, disclaimed by the judgment debtor, at a date fixed by the order, without the making up of regular issues or placing the case on the trial calendar.

[4] SAME (99)—PROCEEDINGS ON EXAMINATION—RIGHT TO JURY TRIAL. In supplemental proceedings, an adverse claimant to real property, disclaimed by the judgment debtor, cannot complain that a summary hearing without placing the matter on the trial calendar deprived her of a jury trial, where she made no demand for a jury.

[1]Reported in 244 Pac. 390.

[5] CONTINUANCE (11)—ABSENCE OF COUNSEL—ILLNESS—DISCRETION
OF COURT. The denial of a continuance asked on account of the
illness of counsel will not be disturbed where there was no abuse
of discretion.

[6] EXECUTION (97)—SUPPLEMENTAL PROCEEDINGS—EXAMINATION OF
THIRD PERSONS—PARTIES. In supplemental proceedings, con-
tested by an adverse claimant to real property, the husband of
the claimant is not a necessary party where the claimant testi-
fied that it was her separate property, and where the evidence
showed that she held it in trust for the judgment debtor in
fraud of the rights of creditors.

[7] CONSTITUTIONAL LAW (137)—SUPPLEMENTAL PROCEEDINGS—NOTICE.
The summary provisions of Rem. 1923 Sup., § 638-1, authorizing
a trial of adverse claims in supplemental proceedings on a
show cause order, do not violate Const., art. 1, § 3, providing
that no person shall be deprived of property without due process
of law.

Appeal from a judgment of the superior court for
King county, Hall, J., entered July 1, 1925, upon find-
ings in favor of the plaintiff, in proceedings supple-
mentary to execution, tried to the court. Affirmed.

*Henry W. Parrott (Walter C. Hinman,* of counsel),
for appellant.

*C. D. Liliopoulos,* for respondent.

HOLCOMB, J.—This appeal grows out of orders and
a judgment, made in proceedings supplemental to exe-
cution. Respondent had an unsatisfied judgment
against Ella Taylor, alias Nellie Brownlow, for $2,-
708.30, with interest and costs. After return of an
execution *nulla bona,* supplemental proceedings were
instituted against the judgment debtor and other per-
sons at different times, and finally against Phoebe
Gray, a sister of the judgment debtor. The latter was
made a party to such proceedings, by order of the
court on June 11, 1925, which required her to appear
in the supplemental proceedings on June 18, 1925.
This order was based upon an affidavit by respondent

herein, the judgment creditor, that Phoebe Gray was the custodian and confidential trustee of certain property belonging to the judgment debtor, to wit:

"all that certain furniture, equipment, good will and leasehold estate of the New Belmont Apartments situated at 516 East Union street, Seattle, King county, Washington, such property being above the value of $25,"

and that she was holding the above property in collusion with the defendant, for the purpose of avoiding legal process by virtue of respondent's judgment.

The affidavit and order of the court being served upon Phoebe Gray, she appeared on June 18, 1925, in response thereto, objected to the jurisdiction of the court, and a hearing was had before Griffiths, J., at which time several witnesses were examined. After this partial hearing, it appearing that there was substantial dispute as to the true ownership of the property in question, Griffiths, J., set the hearing for June 25, 1925, upon the issues raised by the affidavit, and upon that date the cause was assigned for hearing on June 26, 1925, before Hall, J. Appellant, appearing at the trial personally and by counsel, controverted the allegations of the affidavit of respondent, and, testifying as a witness upon examination by respondent, claimed to be the sole and exclusive owner of the property described in the affidavit.

At the close of the respondent's case, upon application of the appellant, a continuance was granted to June 29, 1925, so that appellant would be enabled to get her witnesses in court. On that day, the trial being resumed, appellant filed written objections on several grounds, also reasserting her claim to absolute ownership of the property involved. Her objections being overruled, she filed her written answer to the allegations of the affidavit of respondent, denying the same,

and again asserting title in herself to the property under adjudication, as "sole and exclusive owner thereof." At the conclusion of the trial, the court made its oral decision that the property in question was the property of Nellie Brownlow, the judgment debtor, notwithstanding the fact that Phoebe Gray, her sister, held the legal title to the same, and it was ordered that the property be subjected to the satisfaction of the judgment of respondent. Thereafter, the judgment of the court having been entered, an order was made appointing a receiver with authority to sell the property, or so much thereof as was necessary for the satisfaction of the judgment.

[1] Appellant stoutly contends that the appointment of the receiver by the trial judge, without notice to the judgment debtor, was void, since it appeared from the records and statement of facts that the judgment debtor was at all times a resident of Seattle, King county, Washington. The receiver was appointed by the trial court without notice to the judgment debtor under the provisions of § 640, Rem. Comp. Stat., which provides:

"At any time after making an order requiring the judgment debtor or any other person to attend and be examined, or the issuing of a warrant, as prescribed in this chapter, the judge to whom the order or warrant is returnable, or the court out of which the order was issued, may make an order appointing a receiver of the property of the judgment debtor. At least two days' notice of the application for the order appointing a receiver must be given personally to the judgment debtor, unless the judge or court is satisfied that he cannot, with reasonable diligence, be found within the state, in which case the order must recite that fact and may dispense with the notice, or may direct notice to be given in any manner which the judge thinks proper."

The record in this case shows that the judgment debtor, Mrs. Taylor (or Brownlow), was very difficult to find, and also shows, as appellant in this case testified, that she "stays most of the time in California." It would appear, therefore, upon these facts, that the emergency for the appointment of a receiver, without notice to the judgment-debtor, justified such appointment; and it would appear also that, under the law, no one is concerned in that matter except the judgment-debtor herself.

Fifteen errors are claimed by appellant, and voluminously argued: (1) In appointing a receiver; (2) in appointing a receiver, when the property could have been delivered to the sheriff and sold on execution; (3) appointing a receiver without notice to the judgment-debtor.

What has been said disposes of the third contention. As to the first, the statute clearly authorizes the appointment of a receiver in such a proceeding, and it is a special statute relating to the appointment. It is not like the statute relating to the appointment of a general receiver, and is not governed by decisions involving such proceedings as was the case in *State v. Superior Court*, 86 Wash. 584, 150 Pac. 1153, and the previous cases reviewed therein. The proceeding in this matter being governed by § 640, *supra*, comes within the authority of *Flood v. Libby*, 38 Wash. 366, 80 Pac. 533, 107 Am. St. 851, and *Smith v. Weed*, 75 Wash. 452, 134 Pac. 1070.

[2] It is immaterial that the property could have been delivered to the sheriff and sold on execution, when the statutes governing supplemental proceedings expressly authorize the appointment of a receiver. Hence, the second contention is untenable. Upon the appointment of the receiver, and under the express

order of the court, the receiver took title to the property (Rem. Comp. Stat., § 644), and had all the powers of a general receiver to sell the property, or so much thereof as was necessary for the satisfaction of the judgment.

The assignments of error and the arguments of appellant are so involved and complicated that it is difficult to discuss them logically.

[3] The fourth claim is in appointing a receiver or adjudicating title to property, over which there was a substantial dispute as to the ownership, without a regular setting for trial of the issues. As to this claim, it is contended that § 640, *supra,* and the amendments by ch. 160, Laws of 1923, pp. 515 to 517, grant no authority to appoint a receiver for property over which there is a substantial dispute as to ownership, and that there was such dispute in this case. It is urged that this dispute as to ownership could only be litigated after the issues were made up and the case placed on the trial calendar (§ 638-1, Rem. 1923 Sup.); that this proceeding was never heard, except as a continued matter on the show-cause calendar of the court.

The Laws of 1923, p. 515, referred to, do not amend § 640, *supra,* or §§ 642, 644, or 645, Rem. Comp. Stat.

The amending act begins by amending § 615, and provides:

"Any person may be made a party to a supplemental proceeding by service of a like order in like manner as that required to be served upon the judgment debtor, and upon proof by affidavit or otherwise, to the satisfaction of the judge, that execution has been issued and return made thereon wholly or partially unsatisfied, and also that any person or corporation has personal property of the judgment debtor of the value of twenty-five dollars or over, or is indebted to him in said amount, or is holding the title to real estate for the judgment debtor, or has knowledge concerning

the property interest of the judgment debtor, the judge may make an order requiring such person or corporation, or any officer thereof, to appear at a specified time and place before him, or a referee appointed by him, and answer concerning the same." Rem. 1923 Sup., § 615.

Section 629, Rem. Comp. Stat., was amended, but has reference to matters not material here.

Section 638 was amended to read as follows:

"Proceedings under this chapter are special proceedings, and shall be heard by the judge or referee before whom the same are returnable without a jury, except as provided in § 4 of this Act." Rem. 1923 Sup., § 638.

"Sec. 4. In any supplemental proceeding, where it appears to the court that a judgment debtor may have an interest in or title to any real property, and such interest or title is disclaimed by the judgment debtor or disputed by another person, or it appears that the judgment debtor may own or have a right of possession to any personal property, and such ownership or right of possession is substantially disputed by another person, the court may, if the person or persons claiming adversely be a party to the proceeding, adjudicate the respective interests of the parties in such real or personal property, and may determine such property to be wholly or in part the property of the judgment debtor. If the person claiming adversely to the judgment debtor be not a party to the proceeding, the court shall by show cause order or otherwise cause such person to be brought in and made a party thereto, and shall set such proceeding for hearing on the first open date in the trial calendar. Any person so made a party, or any party to the original proceeding, may have such issue determined by a jury upon demand therefor and payment of a jury fee as in other civil actions; *provided,* that such person would be entitled to a jury trial if the matter was adjudicated in a separate action." Rem. 1923 Sup., § 638-1.

This section is very plain. Appellant in this proceeding, upon proper proceedings, was undoubtedly *made a party* to the original case, and we have very recently so held; *State ex rel. Gough v. Superior Court*, 137 Wash. 552; 243 Pac. 11.

The cases from this court, cited and relied upon by appellant, each arose under the old supplemental proceedings law, prior to the amendment of 1923, p. 515, and cannot now aid appellant. This also disposes of most of the contentions in the eleven other claims of error urged by appellant. Appellant, not having been a party to the original proceeding, became a party by the order in the supplemental proceeding, which was based upon a sufficient affidavit, and the order was a valid order.

[4] The fact that appellant was denied a jury trial (conceding for the purpose of argument, although doubtful, that the issues before the court were proper for a jury trial), is immaterial, for the reason that appellant never at any time demanded a jury trial and paid the legal fee therefor. She could have demanded a jury trial at her first appearance, but, whether or not she was required to do so then, she certainly was required so to do when the final hearing was set before Hall, J. Not having done so, and the statute providing for possible jury trials, where such person is entitled to a jury trial, if the matter were adjudicated in a separate action, upon demand therefor and payment of a jury fee as in other civil actions, appellant must be held to have waived a jury.

[5] The other errors complained of are of like nature to those discussed, except the errors claimed because of the court's refusal to grant a continuance of the matter on account of the illness of counsel for appellant. It does not appear from the record that the

court abused its discretion in the denial of a continu-ance.

[6] It is also contended that the court had no juris-diction of the issues, in the absence of the community composed of Phoebe Gray and her husband.

In the first place, appellant repeatedly testified, and made oath in her pleadings, that the property was her own sole and exclusive property. In the next place, the trial court determined and held that appellant was not the owner of the property, but was simply holding it in trust, in collusion with the judgment debtor, and the community would have no interest whatever in prop-erty fraudulently held for the benefit of another.

[7] The 14th and 15th claims of error are akin, and present the question that proceeding as was done under ch. 160, Laws of 1923, p. 515, in a so-called sum-mary proceeding, violates the provisions of Art. I, § 3, Washington constitution, that ''No person shall be de-prived of life, liberty or property without due process of law.'' Under these statutes the party is brought in on notice, by way of the show-cause order, and has opportunity to defend. What was said in *Strandberg v. Stringer*, 125 Wash. 358, 216 Pac. 25, on a similar proposition, but more summary, sufficiently answers appellant's contention adversely to her.

The record and the law involved in this case show that the court was amply justified in the orders and judgment complained of.

Affirmed.

TOLMAN, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.