[No. 23107.   Department One.   September 17, 1931.]

MOLLIE S. KNETTLE, *Appellant*, v. ERNEST W. KNETTLE, *Defendant*, LEROY N. KNETTLE *et al., Respondents and Cross-appellants.*[1]

[1]Reported in 3 P. (2d) 133.

*Hyland, Elvidge & Alvord* and *J. B. Olmsted,* for appellant.

*C. A. McCabe,* for respondents and cross-appellants.

PARKER, J.—This action was commenced in the superior court for Garfield county by the plaintiff, Mollie S. Knettle, seeking a decree subjecting to the payment of a money judgment awarded to her against the defendant Ernest W. Knettle, his interest as beneficiary in trust property the legal title to which is in the defendants Leroy N. Knettle and the Old National Bank and Union Trust Company as trustees under a deed of trust executed by the deceased mother of the defendant Ernest W. Knettle. The cause proceeded to trial in the superior court, and resulted in a decree denying to the plaintiff the subjecting of the beneficiary interest of the defendant Ernest W. Knettle in the trust property, by sale thereof, in satisfaction of her judgment, but awarding to her partial relief as follows:

"It is further ordered, adjudged and decreed by the court that the plaintiff under her judgment, entered in the superior court, state of Washington for King county, in that cause wherein Mollie S. Knettle was plaintiff and Ernest W. Knettle was defendant, being cause No. 219615, which judgment was entered upon the 3rd day of May, 1929, shall have a lien upon any

and all money and property, now or hereafter accruing to Ernest W. Knettle, under the terms and conditions of said trust, and that said trustees Leroy N. Knettle and The Old National Bank and Union Trust Company, a corporation, be and they are hereby ordered and directed to pay any of said money or property accruing to Ernest W. Knettle, to the said plaintiff Mollie S. Knettle upon said judgment, as and when the same would otherwise have been paid to the said Ernest W. Knettle, so long as said judgment shall be and remain a valid and subsisting claim by plaintiff against the said Ernest W. Knettle, or until the same is fully paid.''

From this disposition of the cause in the superior court, the plaintiff, Mollie S. Knettle, and also the trustee defendants, Leroy N. Knettle and the Old National Bank and Union Trust Company, have appealed to this court. Another portion of the decree awarded to the plaintiff relief as against funds in the hands of the trustees which had already accrued to the defendant Ernest W. Knettle. All have acquiesced in this portion of the decree, so we are not here concerned with any claim of error as to that portion.

The cause was submitted to the trial court upon an agreed statement of facts for final decision.

On June 15, 1928, Nancy A. Knettle duly executed a trust deed, the provisions of which, so far as need be here noticed, are as follows:

''THIS INDENTURE made and entered into this 15th day of June A. D. 1928.

''WITNESSETH: That Nancy A. Knettle, a widow, of Pomeroy, Washington, party of the first part, and creator of the trust hereinafter set forth, in consideration of the covenants and conditions hereof and for other valuable consideration, hereby grants, transfers and sets over and conveys to Leroy N. Knettle, of Pomeroy, Washington and the Old National Bank and Union Trust Company, of Spokane, Washington, a corporation, the parties of the second part, and trus-

tees hereunder, the following described real and personal property, to wit: . . . [here follow descriptions of a lot in the city of Seattle and lots in the city of Pomeroy, and descriptions of a certain fund and of certain bank stock, notes and bonds] to have and to hold to the said parties of the second part as trustees in trust for the following uses and purposes: . . ."

Here follow provisions as to the management of the above mentioned property during the life of the grantor and the conveyance by the trustees of the remainder thereof upon the death of the grantor to her six children, Leroy N. Knettle, Sadie E. Cluster, Bessie J. Knettle, Ernest W. Knettle, Everett E. Knettle and Lemyrt D. Knettle.

"And the said Nancy A. Knettle, creator, as aforesaid, for the considerations hereinbefore stated, hereby conveys, grants, transfers and sets over to Leroy N. Knettle of Pomeroy, Washington and the Old National Bank and Union Trust Company, of Spokane, Washington, a corporation, the parties of the second part, and trustees hereunder, the following described farm real estate, situated in the county of Garfield, state of Washington, to wit: . . . [here follow descriptions of three farm properties situated in Garfield county] to have and to hold to the said parties of the second part, as trustees, in trust, for the following uses and purposes:

"And the said trustee shall have the immediate control, possession and management of said farm real estate, and the whole thereof, and shall continue in the exclusive control, management and operation of said farm real estate, for the period ending fifteen years after the death of the creator, and shall have the power to lease and demise the same to suitable and proper lessees for reasonable lengths of time, not exceeding the period ending on October 1st, following the termination of the trust period, and they shall receive and collect the rentals therefrom and pay all taxes and assessments thereon and shall keep and maintain that said property and the improvements thereon in a reasonable state of repair, and may make

such renewals of and additions to such improvements, as are reasonably necessary to properly maintain the property against diminution in the value of said property, and they shall pay all charges and expenses of every kind and character incident to the management and operation thereof and of such trust, including a reasonable compensation to such trustees.

''Upon the expiration of the trust period, said trustees shall convey, transfer and set over said farm real estate to said children hereinbefore named, who may then be living and to the issue of the blood of any of said children who may then be dead, by right of representation, in equal shares, share and share alike.

''From and after the death of the creator, said trustees shall from the net income of the farm real estate, pay to the said Stephen Overholser, if he is then living, the sum of $500.00 per year, such annuity to lapse upon the death of the said Stephen Overholser, and in any event upon the expiration of the full trust period, which payment shall be made on or before the 1st day of March each year, and such trustees shall pay the remainder of the net income from such farm real estate to the Cestuis Que trustent other than the said Nancy A. Knettle, hereinbefore named, in equal shares, share and share alike. All of said payments shall be made annually and not later than March 1st, of each year and said trustees shall, with such payments, make an accounting for all income received.''

Immediately following the execution of this trust deed by Nancy A. Knettle, the trustees signed an endorsement thereon evidencing their acceptance of the trust. The trust deed was thereafter, on June 27, 1928, duly recorded in the office of the auditor of Garfield county, and thereupon the trustees entered into the possession of all the property and upon their duties as trustees. On March 31, 1929, Nancy A. Knettle died. All of the specified duties of the trustees to be performed during the lifetime of Nancy A. Knettle, and also their specified duties to be performed

thereafter with reference to the transfer and conveyance of the remaining real and personal property first mentioned, were timely, fully performed before the commencement of this action. There is no controversy here over that portion of the trust property, so we are here concerned only with the trust farm property and the income therefrom.

On May 3, 1929, there was duly rendered by the superior court for King county a judgment in favor of Mollie S. Knettle and against Ernest W. Knettle for the sum of $10,779.50. It is this judgment that Mollie S. Knettle seeks to have satisfied by the sale of the beneficiary interest of Ernest W. Knettle in the trust farm property, the legal title to which is now in the trustees.

We first notice the appeal of the plaintiff. The contention here made in her behalf is stated in her counsel's principal assignment of error, as follows:

"The trial court erred in holding that the interest of the cestui under this trust was such that the corpus of the trust is not subject in any way to the claim of this appellant."

Among our statutory provisions relating to proceedings supplemental to execution are the following:

"Any person may be made a party to a supplemental proceeding by service of a like order in like manner as that required to be served upon the judgment debtor, and upon proof by affidavit or otherwise, to the satisfaction of the judge, that execution has been issued and return made thereon wholly or partially unsatisfied, and also that any person or corporation has personal property of the judgment debtor of the value of twenty-five dollars or over, or is indebted to him in said amount, or is holding the title to real estate for the judgment debtor, or has knowledge concerning the property interests of the judgment debtor, the judge may make an order requiring such person or corporation, or an officer thereof, to appear at a

specified time and place before him, or a referee appointed by him, and answer concerning the same.'' Rem. 1927 Sup., § 615.

''This chapter does not authorize the seizure of, or other interference with any property which is expressly exempt by law from levy and sale by virtue of an execution, or any money, thing in action or other property held in trust for a judgment debtor where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor; or the earnings of the judgment debtor for his personal services rendered within sixty days next before the institution of the special proceeding, where it is made to appear by his oath or otherwise that those earnings are necessary for the use of a family wholly or partly supported by his labor.'' Rem. Comp. Stat., § 637.

''In any supplemental proceeding, where it appears to the court that a judgment debtor may have an interest in or title to any real property, and such interest or title is disclaimed by the judgment debtor or disputed by another person, or it appears that the judgment debtor may own or have a right of possession to any personal property, and such ownership or right of possession is substantially disputed by another person, the court may, if the person or persons claiming adversely be a party to the proceeding, adjudicate the respective interests of the parties in such real or personal property, and may determine such property to be wholly or in part the property of the judgment debtor. If the person claiming adversely to the judgment debtor be not a party to the proceeding, the court shall by show cause order or otherwise cause such person to be brought in and made a party thereto, and shall set such proceeding for hearing on the first open date in the trial calendar. Any person so made a party, or any party to the original proceeding, may have such issue determined by a jury upon demand therefor and payment of a jury fee as in other civil actions; provided, that such person would be entitled to a jury trial if the matter was adjudicated in a separate action.'' Rem. 1927 Sup., § 638-1.

The language of § 637, above quoted, plainly negatives the contention here made in behalf of the plaintiff, unless we must hold that it is not of any controlling force in our present inquiry because this action is, in form, a suit in equity.

It seems to us that this action must be regarded, in substance, as our statutory proceedings supplemental to execution, or it must be dismissed as a remedy unavailing to the plaintiff because our statutory proceeding supplemental to execution has superseded the remedy by suit in equity. We see no impediment in the way of treating this as, in substance, our statutory proceeding supplemental to execution, since no question of jurisdiction over the persons of the parties to the controversy is presented, it being tried and submitted to the trial court upon the merits without objection as to the manner of bringing the parties before the court.

There seem to be varying views expressed in the decisions of the courts as to whether or not a suit in equity is an available remedy looking to the satisfaction of a simple money judgment, in the absence of statute authorizing such remedy. Most of the states have supplemental proceeding statutes in some form. Some of these enable the judgment creditor to bring before the court the judgment debtor only, and therein adjudicate only his rights. Others enable the judgment creditor to bring before the court third parties as well as the judgment debtor, and adjudicate the claims of such third parties to property sought to be subjected to the satisfaction of the judgment. Plainly, our statute is of this nature, as evidenced by the language of §§ 615 and 638, above quoted, and by our decisions in *State ex rel. Gough v. Superior Court,* 137 Wash. 552, 243 Pac. 11, and *Pappas v. Taylor,* 138 Wash. 22, 244 Pac. 390.

Statutes of this nature which render a judgment creditor all of the aid which he could have by a formal suit in equity against both the judgment debtor and third parties, are, we think, by the decided weight of authority, held to be exclusive of the remedy by suit in equity. An exception may be found in states where both remedies are expressly given by statute. We have no statute authorizing the maintenance of a suit in equity in aid of the satisfaction of a simple money judgment. In the text of 8 R. C. L. 4, we read:

"It may be stated as the general rule that in those jurisdictions where proceedings supplemental to execution are authorized by statute, such supplementary proceedings are regarded as a substitute for the creditor's bill of the chancery practice. Such proceedings usually afford a more expeditious and appropriate remedy to reach the concealed legal assets of the debtor than the bill of discovery in chancery, and may be so far considered as practically an exclusive remedy. But where proceedings supplemental to execution do not furnish an adequate remedy, it is generally held that they do not stand in the way of a creditor's suit, but that the latter may still be maintained in a proper case."

See note in 63 L. R. A. 691, and following. In *Murne v. Schwabacher,* 2 W. T. 130, 3 Pac. 899, Chief Justice Greene said:

"This supplemental proceeding is of equitable jurisdiction, intended to serve the end of a creditor's bill."

This same thought is expressed in substance in *Mears v. Lamona,* 17 Wash. 148, 49 Pac. 251, and *Klepsch v. Donald,* 18 Wash. 150, 51 Pac. 352. Our supplemental procedure statute did not then provide for adjudicating the rights of third parties in the supplemental proceeding as our present statute does, but the proceedings were preliminary to a suit to that end against the judgment debtor by the judgment

creditor or by a receiver of the property of the judgment debtor. See § 381, and following, Code of 1881, and Laws of 1893, p. 435.

These considerations lead us to the conclusion that the plaintiff cannot avoid the effect of § 637, above quoted, by seeking relief in the form of a suit in equity. The supreme court of North Carolina in *Rand v. Rand,* 78 N. C. 12, held that the supplemental statutory proceeding of that state was exclusive, though it treated that action, which was in form a suit in equity, as in substance their statutory supplemental proceeding.

Now, what is the effect of the language of § 637, above quoted, touching the claimed right of the plaintiff to have the interest of defendant Ernest W. Knettle in the trust farm property subjected to the satisfaction of her judgment against him? In *Campbell v. Foster,* 35 N. Y. (8 Tiffany) 361, decided in 1866, the court of appeals had before it a problem very similar to that here presented. Judge Wright, speaking for the court, said:

"In the revision of the statutes, the legislature, I think, effectually settled the dispute. In the article of the Revised Statutes relating to the jurisdiction of the Court of Chancery, a provision, in two sections, to enable judgment creditors to reach the choses in action and personal property of the debtor, and property held in trust for him, was introduced. (2 R. S., 273, §§ 38, 39.) Section 38 provided for a bill for discovery of any property, money or thing in action belonging, due to, *or held in trust for the debtor,* and for an injunction restraining the disposition of such property, 'except where such trust has been created by, or the fund so held in trust has proceeded from, some person other than the defendant (the debtor) himself.' Section 39 empowered the court to decree satisfaction of the judgment 'out of any personal property, money or thing in action belonging to the defendant, or held in trust for him, *with the exception above stated,*' etc. All the authority which the courts now possess to subject such

property to the payment of judgments, is derived from this legislation. Before the statute it was an unsettled point whether courts of equity had an inherent power over the subject; and when, therefore, in the language of the chief judge, in *Graff v. Bonnett* (31 N. Y., 9), 'the legislature came to define the cases, and to prescribe the manner in which intangible personal property should be subjected to the satisfaction of the debts of the owner, the provision ought to be considered exclusive of any other authority for effecting the same object.'

"I am unable to construe the sections in any other way than as excepting from the operation of a creditor's bill, property held in trust for the debtor where the trust has been created by, and the fund so held in trust has proceeded from, some person other than the debtor himself. The precise power conferred is, to decree satisfaction of the judgment 'out of any personal property, money or things in action belonging to the debtor or held in trust for him,' except in the case 'where such trust has been created by, or the fund so held in trust has proceeded from, some person other than the debtor himself.' If there be a valid trust, created by a third person for the benefit of the debtor, and the fund held in trust has proceeded from such third person, such fund cannot be reached by a creditor's bill. This I regard as the true reading of the statute."

In *Hardenburgh v. Blair,* 30 N. J. Eq. 645, decided in 1879, there was also presented a problem very similar to that here presented. Justice Depue, speaking for the court, said:

"By the act of 1845, on the return of an execution issued on a judgment at law, unsatisfied in whole or in part, leaving a balance due exceeding one hundred dollars, exclusive of costs, the plaintiff in the execution may file a bill in chancery to compel discovery 'of any property or thing in action belonging to the defendant in such judgment, and of any property, money or thing in action due to him, or held in trust for him, except such property as is now reserved by law, and to prevent the transfer of any such property,

money or thing in action, or the payment or delivery thereof to the defendant, *except when such trust has been created by, or the fund so held in trust has proceeded from some person other than the defendant himself;'* . . .

"If there were any doubt as to the limit and extent of the jurisdiction of chancery in the premises before the adoption of the statutes, that doubt has been removed by the statutes themselves. They were passed for the purpose of simplifying and making more efficacious the remedy of judgment creditors against the property of debtors, and with such a purpose in view, it is not supposable that the legislature would have curtailed the jurisdiction chancery already possessed, or excepted from the summary proceedings for reaching the debtor's property, a class of property over which chancery was left to exercise its jurisdiction by the tedious process of bill and answer, instead of the expeditious and searching remedy of the personal examination of the debtor, and the appointment of a receiver *pendente lite.* The statute must be regarded as defining the jurisdiction of the court over trust funds in their application to the payment of debts, exclusive of any other authority in the court; otherwise the language excepting funds held on a trust created by another will be abrogated.

"The enumeration in the statutes of what may be taken or collected by the receiver, or applied by the decree of the court in payment of the judgment, is of debts due to the judgment debtor otherwise than for his labor or personal services, or for the labor or services of any member of his family, and property in possession or action held in trust for him. The statute should be liberally construed so as to apply to such property as is enumerated, without regard to the means by which it came to the debtor, whether by gift, grant or devise. But we are not justified in pushing liberality of construction to the extent of overriding the plain language of the enactment. Property reserved by law to the judgment debtor from liability to debts, and property and things in action held in trust for him when such trust has been created by, or the fund so held in trust has proceeded from some

person other than the debtor himself, are expressly excepted from the preceding enumeration. This plain language we are not at liberty to disregard. If the money in controversy is a fund held in trust, it is clearly within the legislative prohibition.''

In *Jourolman v. Massengill,* 86 Tenn. 81, 5 S. W. 719, decided in 1887, there was presented a problem quite similar to that here presented, under a statute of Tennessee the same as the New York statute above noticed in the quotation from *Campbell v. Foster.* Justice Lurton, speaking for the court, made this observation:

''Here, then, is an express and positive legislative limitation upon the jurisdiction of the Chancery Court. We can put no other meaning upon this legislation than that it is not in the power of a court of equity to subject to the satisfaction of the demands of a creditor the income of a trust fund, whether the fund or property be realty or personalty, where such trust was created by one other than the debtor. This effect has been given to this act by the courts of New York in several cases, and we see no way in which we can avoid this result. Whether the court had jurisdiction or not before this act must be immaterial; any fair and reasonable construction of the act must result in holding that thereafter the jurisdiction was gone.''

In *Binns v. LaForge,* 191 Ill. 598, 61 N. E. 382, decided in 1901, a problem substantially the same as here presented was disposed of in harmony with the above noticed decisions. Justice Hand, speaking for the court, said:

''Can the income upon the trust fund, which the will provides shall be paid by the trustees to Gertrude M. Talbott during her life, be reached while in the hands of the trustees by her creditors by creditor's bill? We think not, as by statute (1 Starr & Cur. Stat., chap. 22, § 49) trust property, 'when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from, some person other than the defendant

himself,' is expressly excepted from property which may be reached by a creditor's bill. The trust fund in this case proceeded from Garrett M. LaForge, a person other than Gertrude M. Talbott, and falls within the letter and the spirit of this statute, and is protected.''

We conclude that this trust farm property cannot be subjected to the satisfaction of the plaintiff's judgment against the defendant Ernest W. Knettle as long as the legal title thereto rests in the trustees. In view of the active managing trust duties imposed by the trust deed upon the trustees, we think it needs no argument to demonstrate that this is not a mere passive or dry trust; so the trust is not affected in any way by the statute of uses. If it were such a trust, there might be ground for arguing that § 637, above quoted, would not be controlling in this inquiry. 26 R. C. L. 1173.

We now notice the appeal of the trustees. We have seen that the decree subjects to the satisfaction of the plaintiff's judgment against the defendant Ernest W. Knettle his income from the trust property accruing to him as beneficiary, by directing payment of such income to her

'' . . . so long as said judgment shall be and remain a valid and subsisting claim by plaintiff against the said Ernest W. Knettle, or until the same is fully paid.''

What we have already said with reference to the trust farm property, we think, calls for the reversal of the decree in so far as it awards to the plaintiff any right in the defendant Ernest W. Knettle's future accruing income from the trust farm property. The funds so to accrue to him are not as yet even trust funds. Not now being in existence, they are, we think, not property in any sense now subject to control or

adjudication in the interest of the plaintiff as a judgment creditor of the defendant Ernest W. Knettle. At what point of time, if at all, such accruing funds may be held to be in the hands of the trustees as a passive or dry trust, we need not now decide. Possibly, when, if ever, such event occurs and such accruing funds so remain in the hands of the trustees, they may be subject to garnishment in their hands in the interest of the plaintiff if her judgment be then alive and unsatisfied. To now adjudicate what right the plaintiff may have to subject to the satisfaction of her judgment any such future accruing funds, would, we think, be clearly premature.

██ We have not overlooked the fact that the defendant Ernest W. Knettle has not appealed from the decree, but we are, nevertheless, of the opinion that the trustees have, by reason of their active duties imposed upon them by the trust deed, such interest in this controversy as to entitle them to reversal of the decree to the extent claimed by them.

The decree is affirmed in so far as it denies to the plaintiff a sale of the beneficiary interest of the defendant Ernest W. Knettle in the trust farm property in satisfaction of her judgment against him. The decree is reversed in so far as it purports to award to the plaintiff any relief as against the future accruing money or income from the trust farm property. The cause is remanded to the superior court, with directions to amend the decree by striking therefrom all the language thereof quoted in the introductory portion of this opinion.

The trustees, having successfully resisted the plaintiff's appeal, and successfully prosecuted their own appeal, are awarded their costs.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MAIN, JJ., concur.