[No. 23434. Department Two. March 8, 1932.]

LOUISE GROVE PATTERSON, *Appellant*, v. JOSEPH FORD et al., *Respondents*.[1]

*Trefethen & Porterfield*, for appellant.

*H. E. Foster*, for respondents.

MILLARD, J.—This action was brought by the plaintiff to quiet title to certain property in Seattle. Defendants answered, alleging that the property, until acquired by them at sheriff's sale, belonged to George W. Young, who, "for the purpose of attempting to defraud these defendants, conveyed the same to a fictitious corporation," and that the plaintiff took title to the property from the fictitious corporation to aid Young in defrauding the defendants. By their

[1]Reported in 8 P. (2d) 1006.

cross-complaint, the defendants prayed that title be quieted in them, and that they be awarded recovery for rents and profits of the property during the time it was wrongfully withheld from them.

The cause was tried to the court, which found that the Fidelity Improvement Company was a fictitious corporation, and that the subject matter of the controversy, by virtue of their purchase thereof at the sheriff's sale, became the property of the defendants, and

". . . that the plaintiff claims to have paid for said premises a sum approximating twenty thousand dollars without knowledge of the purchase of the same on execution by the defendant, Joseph Ford."

The court decreed that, upon the payment to the defendants by the plaintiff within five days of the amount of defendants' judgment of $916.48 against Young, the title to the premises would be quieted in the plaintiff; otherwise, title to the property would be quieted in the defendants, to whom would be awarded recovery of $13,500 against the plaintiff for rents and profits. The plaintiff appealed.

Respondents move that the appeal be dismissed upon the ground that the bond on appeal is not in compliance with the requirements of Rem. Comp. Stat., § 1722.

This is a renewal of respondents' motion which was heard in this court and denied September 25, 1931. The matter is now *res adjudicata.*

The facts are as follows:

On May 17, 1918, the Fidelity Improvement Company of Seattle, filed its articles of incorporation, executed May 8, 1918, by the corporation's two trustees, George W. Young and E. E. Littlefield, in the office of the secretary of state at Olympia. As required by the statute, on July 1, 1926, the secretary of state

struck from the records of his office the name of the Improvement Company because of the failure of the corporation to pay the annual license fee for the fiscal years ending June 30, 1925, and June 30, 1926.

"It shall be the duty of the secretary of state to strike from the records of his office the names of all incorporations which have neglected for a period of two years to pay their annual license fees; . . ." Rem. Comp. Stat., § 3842.

On May 17, 1918, George W. Young conveyed to the Fidelity Improvement Company lots six and seven, block fifteen, Brooklyn addition to the city of Seattle. In exchange for a ranch owned by the appellant, the Improvement Company, on July 19, 1927, conveyed the two lots to the appellant. All deeds were duly placed of record in the office of the auditor of King county. From the date of its acquisition of the two lots to July 19, 1927, when it conveyed same to the appellant, the corporation paid the taxes assessed against the property. The subsequent taxes to date have been paid by the appellant. The property was conveyed to the appellant subject to a mortgage of $19,500. On October 28, 1930, when the appellant's abstract of title was brought to date for the purpose of renewing the mortgage, the appellant learned that the respondents claimed some rights in the property.

The claims of the respondents were based upon a sheriff's sale July 30, 1927, of the two lots under a judgment obtained by respondent Joseph Ford against George W. Young. The Fidelity Improvement Company was never made a party to the action of "Joseph Ford vs. George W. Young," and no judgment was ever obtained against the corporation. Ford was aware of the existence of the corporation at the time he commenced his action against Young.

The complaint was filed July 22, 1926, and on July

23, 1926, Ford averred in an affidavit for garnishment that Young was doing business as the Fidelity Improvement Company. In November, 1926, the garnishment was discharged, the court holding that it had no jurisdiction to reach assets of a corporation in an action to which it was not a party. The court found:

"That the plaintiff claims an indebtedness against said George W. Young on a note signed by George W. Young personally. That the Fidelity Improvement Company, a corporation, is not a party to said note. That George W. Young is not doing business as the Fidelity Improvement Company."

On constructive service of process, Ford recovered against Young a judgment, upon which execution issued, and the property in question was sold at sheriff's sale July 30, 1927, to the respondents for the amount of their judgment and costs. One month subsequent to learning of the respondents' claim against her property, the appellant commenced this action, the trial of which resulted as recited above.

Respondents contend that the Fidelity Improvement Company "was simply George W. Young;" that the corporation was dissolved, became non-existent July 1, 1926, when the secretary of state struck its name from the records of his office for neglecting to pay the annual license fees; therefore the Improvement Company was incapable of transferring title to the property July 19, 1927, to the appellant.

George W. Young was one of the incorporators of the Improvement Company. The title to the two lots was in Young until May 17, 1918, when he transferred the property to the corporation. On July 19, 1927, the property was conveyed by the corporation to the appellant. The corporation's name had been stricken from the records one year prior thereto. The corporation paid from the time of its incorpora-

tion in 1918, to and including the fiscal year ending June 30, 1924, the annual license fees. No fraud has been shown. There is no evidence that the corporation and Young were one and the same thing. Whether Young owned or did not own any or all of the shares of stock of the corporation at the time of the transfer of the two lots to the appellant, is immaterial. He would not, by virtue of his ownership of the corporate shares, be the legal owner of the property of the corporation, which is an entity separate and distinct from an individual owning all of the stock. 14 C. J. 865, § 1321.

Appellant's testimony that she in good faith exchanged her ranch for the two lots is not controverted. The two lots were the property of the corporation at the time the exchange was effected. Though the name of the corporation had been stricken from the records of the office of the secretary of state, the corporation did not cease to exist.

"Even though the corporation had become bankrupt and its name stricken from the records in the secretary of state's office, it had not ceased to exist as a corporation." *Haynes v. Central Business Property Co.,* 140 Wash. 596, 249 Pac. 1057.

Having acquired a legal corporate existence by complying with the prerequisite statutory conditions, the Fidelity Improvement Company did not cease to be a corporation *de facto* by its breach of a condition subsequent—the payment of the annual license fees for two years. There was no adjudication of forfeiture, hence the respondents can not question collaterally the legality of the existence of the improvement company as a corporation or its right to exercise corporate powers.

"The corporation continues to exist until the sovereignty which created it shall, by proper proceedings

in a proper court, procure an adjudication of forfeiture and enforce it." *State ex rel. Preston Mill Co. v. Howell*, 67 Wash. 377, 121 Pac. 861.

"Since the legality of the existence of a *de facto* corporation cannot be questioned except in a direct proceeding by the state, a *de facto* corporation is a reality and has a substantial legal existence, . . . the legality of its existence cannot be attacked collaterally for the purpose of questioning . . . the validity of a conveyance, transfer, or mortgage by it, . . ." 14 C. J. 208, § 217.

The Fidelity Improvement Company and its grantee, the appellant, were not parties to the action in which respondent husband secured a judgment against George W. Young, hence that judgment is void as to appellant and the improvement company. In *Anderson v. Soderberg*, 128 Wash. 582, 223 Pac. 1044, the plaintiff obtained a judgment against the defendant. A corporation was cited to appear in supplemental proceedings. The title to the property in question was held in trust by the corporation for the defendant. The trial court held that the title was in the defendant, and made the plaintiff's judgment a lien against the property. In reversing that judgment, we said:

"Appellant not being a party to the action, and not being brought in as such, but being in fact subpoenaed as a witness only, the trial court had no such jurisdiction of it as to warrant the rendition of any judgment or the making of any order divesting it of its record title to real estate."

The respondents are not entitled to a recovery in any amount from the appellant, who is entitled to a decree quieting her title to the property in controversy.

The judgment is reversed, and the cause remanded

with direction to the trial court to enter judgment in harmony with this opinion.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.